JAMES W. DOON *vs.* PATRICK DONAHER.

Evidence that an attorney at law was employed by an insolvent debtor to aid him in effecting a compromise with his creditors, is evidence tending to show that he had authority to submit to them an offer, and to make with them an agreement, of compromise.

A paper that one has refused to produce on notice, he cannot put in evidence after the other side has proved its contents.

CONTRACT to recover $100, the agreed consideration for which the plaintiff had delivered to the defendant a written instrument of compromise signed by a part of the defendant's creditors.

Trial in the Central District Court of Worcester, where, after a verdict for the plaintiff, the defendant alleged exceptions from which it appeared that there was evidence tending to show that the defendant, in the fall of 1872, became embarrassed and could not pay his creditors in full; that he employed one Bancroft, an attorney at law, to aid him in effecting a compromise; that he delivered his books of account to Bancroft, and that Bancroft prepared his schedule of creditors, issued a notice calling a creditor's meeting, presided at the meeting and acted generally as his counsel during all the negotiations for compromise.

Evidence was offered by the plaintiff, and admitted, the defendant objecting " upon the ground that the defendant was not personally present, and there was no evidence to be submitted to the jury that Bancroft was authorized to act for him," tending to show that at the meeting of the creditors, Bancroft submitted a

proposal in behalf of the defendant to pay his creditors 15 per cent. of their claims ; that a committee was appointed by the creditors at the meeting, of which committee the plaintiff was a member, to investigate the affairs of the defendant ; that at an adjourned meeting of the creditors, the defendant being absent and Bancroft being present and acting for him, the committee made a report that the defendant could pay 25 per cent. ; and that the plaintiff made a proposition to take the defendant's property and pay the creditors 25 per cent.

It was admitted at the trial that the defendant had in his possession the release and agreement to compromise referred to in the plaintiff's declaration, and that he had been duly notified to produce it and had refused to do so. The plaintiff was thereupon permitted, the defendant objecting upon the same ground as before, to introduce evidence tending to show that at the last named meeting of the creditors a paper was drawn up and signed by twenty or more of the creditors, all but three of those who were present, agreeing to release their claims against the defendant upon receiving twenty-five cents on a dollar, provided the same was paid on or before July 15, then next, and that this agreement was placed in the hands of the plaintiff, and was the same referred to in his declaration.

In defence the defendant produced in evidence a paper containing an unexecuted conveyance of his estate both real and personal to trustees, an unexecuted declaration of trust on the part of those trustees, and an agreement of compromise signed by the creditors, and expressed to be " in consideration of the aforesaid deed and agreement." He also offered evidence tending to show that this was the paper drawn up at the meeting of the creditors and signed by them, and the same that was delivered up to him as the consideration for the promise set forth in the plaintiff's declaration. The defendant also offered evidence tending to show that at the time of the meetings of his creditors, and when the paper was drawn up and signed by them, he was the owner of real estate.

The defendant asked the court to rule as a matter of law that **Bancroft** had no authority to act for or to bind him, and that all

the evidence admitted against his objection should be withdrawn from the jury, but the court declined so to rule, and submitted the question of Bancroft's agency and authority to the jury, upon instructions to which no exception was taken.

*J. H. Bancroft*, for the defendant.

*G. F. Verry & F. A. Gaskill*, for the plaintiff.

BY THE COURT. There was sufficient evidence that Bancroft had been authorized by the defendant to make the agreement expressed in the instrument, and its contents having been proved by the plaintiff, after the defendant had refused to produce it upon notice, the testimony offered by the defendant becomes wholly immaterial. The only exception which appears to have been taken at the trial cannot therefore be sustained, and it must be presumed that in all other respects sufficient facts were proved, and proper rulings made, to support the action.

*Exceptions overruled.*