## MARK A. FREEMAN vs. MARY J. FREEMAN.

### November 12, 1888.

**Divorce—Adultery—Requisites of Complaint.**—The charge of adultery, in an action for divorce on that ground, must generally state, definitely, time, place, and person, or, when called on to make the pleading more definite and certain, the party must show an excuse for not doing so. Instance of what would be an excuse.

Appeal by defendant from an order of the district court for Freeborn county, *Farmer*, J., presiding, denying her motion to have the complaint made more definite and certain. The action was for divorce on the ground of adultery, and the fifth paragraph of the complaint, referred to in the opinion, alleged on information and belief "that at divers times between March 1, 1883, and the commencement of the action, (March 14, 1888,) and at divers places in the county of Freeborn, but at what particular times and places plaintiff is unable more particularly to state, said defendant has committed adultery with men whose names are unknown to plaintiff."

*Lovely & Morgan*, for appellant.

*D. F. Morgan* and *John Whytock*, for respondent.

GILFILLAN, C. J.[1] In the conduct of actions there is no right more clear than that of a party to have the allegations in his adversary's pleading made with such reasonable and practicable definiteness and certainty as to enable him to meet them with counter-allegations, and to prepare, so far as the truth of the case will permit, to meet them with proofs. In no class of cases has the sufficiency of pleadings, in this particular, come in question more frequently than in actions for divorce on the ground of adultery. As the result of the decisions, it may be stated that in general, in alleging the adultery, the circumstances of time, place, and person must be stated with definiteness. That degree of certainty is required, because, generally, where there is enough to justify alleging the fact of adultery, the party is able to state those circumstances. There may, however, be such a condition of things

---

[1] Collins, J., being absent, took no part in the decision.

as will justify the party in alleging, and the jury in finding, the fact of adultery, although the party may be unable to state some one of the particulars. In such a case the party, when called on to make his allegations more definite and certain, must excuse himself by showing such a condition of things. Thus, the fourth paragraph of the complaint charges that on divers days and times, within a period of over three years, the defendant committed adultery with one H. E. at the towns of Nunda, Freeman, and Shell Rock, in the said county of Freeborn. This gives but one particular, to wit, the person, leaving those of time and place practically as much at large as though no attempt were made to specify them. *Prima facie*, the charge is too indefinite and uncertain. But when called on to correct the pleading in this particular, the plaintiff might perhaps be able to show circumstances that would justify the charge of adultery with the person named, though they might not enable one to state time and place with any more definiteness than in the complaint. As, for instance, that the persons lived or constantly associated together during the period, and at the several places mentioned, under such circumstances that the inference of adulterous connection would naturally follow, though not such as to point to any specific act. The fifth paragraph of the complaint is still worse. It contains no element of certainty. As the plaintiff made no showing of excuse for the indefiniteness in these two paragraphs, the court ought to have granted defendant's motion to make them more definite and certain.

The order appealed from is reversed, and the court below will enter an order directing the said two paragraphs to be made more definite and certain.