JOHN F. McGUINESS *vs.* SCHOOL-DISTRICT No. 10 OF LE SUEUR COUNTY.

### December 14, 1888.

Refusal to Produce Document on Notice—Secondary Evidence—Presumption against Party Refusing.—Where a party to an action refuses, after due notice, to produce a writing in his possession, which is required to be used as evidence by the opposite party upon the trial, and secondary evidence tending to establish the contents thereof is introduced by the latter, every reasonable intendment and presumption will be against the party who withholds the writing which might definitely establish the matter in controversy.

Same—Introduction of Document by Such Party.—The party withholding the writing will not afterwards be permitted to introduce it as evidence in his own behalf on his side of the case.

School-District — Requisites of Contract with Teacher. — A contract made between a teacher and the trustees of a school-district must, under Gen. St. 1878, c. 36, § 31, be in writing, and signed by such teacher and a majority of the trustees. The charge of the court on this point examined, and *held* not inconsistent with the statutory provisions, when considered in connection with the testimony in the case.

Plaintiff brought this action in the district court for Le Sueur county, to recover damages for breach by defendant of an alleged written contract of employment of plaintiff as a teacher. The answer denied the making of any contract, and denied plaintiff's legal qualification and license as a teacher. At the trial before *Edson,* J., the plaintiff had a verdict. Defendant appeals from an order refusing a new trial.

*E. Southworth* and *Chas. C. Kolars,* for appellant.

*Thos. Hessian,* for respondent.

VANDERBURGH, J. The ruling of the court in the rejection of the defendants' offered evidence was correct. The defendants having refused to produce the written contract in controversy, after sufficient notice, it was subsequently rightly excluded when offered by them on their branch of the case. 2 Phil. Ev. (5th Ed.) 447; 1 Whart. Ev. § 157; *Doon* v. *Donaher,* 113 Mass. 151; *Tyng* v. *U. S. Submarine & Torpedo Boat Co.,* 1 Hun, 161. The law (Gen. St. 1878, c. 36, § 31) requires that the trustees of a school-district should make written contracts with teachers employed, and the contracts must state the wages per month and the time employed, as agreed on by the parties. These things are matters of substance, and essential to the validity of the contract. The contract, to be binding, must also be signed by the teacher, and by a majority of the trustees; and, in order to show the time for which he is employed, it must appear upon the face of the contract when the term begins and ends. In this case plaintiff's testimony shows, and is sufficient to support the verdict, that the contract was signed by him, and both parties agree that it was signed by a majority of the trustees, at a meeting when all were present; and plaintiff testifies that it was left with the third, who did not then sign, and who was clerk. The time agreed on was five months, and the date for the commencement was November 14th

following; but it was not certain that the Monday that the school was to commence on came on the 14th, though the plaintiff and two of the trustees so understood it, and it was agreed that the clerk should look it up immediately when he got home, and insert the date. There is no pretence that this was not done as required. The plaintiff testifies that on the week following one of them asked him "if he would be ready on the 14th," and that the clerk, on the Saturday after the meeting, told him "it was the 14th." All three of the defendants were called as witnesses in their own behalf, and none of them denied plaintiff's statements on this branch of the case, and there is no evidence in the case negativing or qualifying the inference to be drawn from it or their conduct in the premises. The only issue made by the defendants' testimony was the denial that plaintiff signed the contract. The evidence, which was sent to the jury without any question being raised by the defendants was sufficient, especially in view of their conduct in refusing to produce the contract when called for to make a *prima facie* case for plaintiff on this point. Any vagueness or uncertainty in the effect of the testimony should be resolved against the parties who withheld the writing which might definitely establish the matter in question. Wood, Pr. Ev. § 12.

2. As we have said, the only essential particular in dispute upon the testimony in the case was whether plaintiff signed the contract; and, since this was the sole issue raised by the evidence upon the question whether a contract was made or not, we think the charge of the court to which the defendants take exception, as applied to the evidence before the jury, could not have misled them. The court called their attention to the conflict in the evidence on this point, and then added: "There is a difference of testimony, a variation between the parties. In a case of that kind the statute makes it necessary that the contract for hiring a teacher should be in writing; but, if the necessary trustees belonging to the district signed a writing, it would be a compliance with the law." The court further, in the same connection, left it to the jury to decide "whether there was a contract, as stated by Mr. McGuiness, at that time, or whether there was not." The defendants excepted to this instruction, on the ground that the jury

might infer that it was unnecessary to be signed by the teacher "if the necessary trustees signed it." But we think this can hardly have been the meaning of the court, because there was no dispute as to the fact that a majority of the trustees signed it, and there was nothing to submit to the jury on that question. The only matter of difference was the conflict in the evidence between the plaintiff and the trustees, and that was submitted to them. We think the court meant, by that portion of the charge excepted to, to state that it was a sufficient signing on behalf of the district if the necessary number—that is, a majority—of the trustees signed it, and upon the whole charge such is the fair inference and effect to be given to the language used.

Order affirmed.