A. J. SCOFIELD v. NATIONAL ELEVATOR COMPANY.[1]

May 29, 1896.

Nos. 9912—(160).

**Seed-Grain Note—Evidence of Ownership.**

S. owned a seed-grain note, which was a lien upon certain grain raised from the seed furnished by him, and described in the seed-grain note. After default in the payment of the note, S. brought suit against E., alleging in his complaint that he was the owner of the grain so raised, and that E. had wrongfully converted the same. The trial court, against the objection of E., permitted S. to introduce in evidence the seed-grain note, and default in its payment, as sole proof of S.'s ownership therein. *Held* error; that a seed-grain note is not a conditional sale of property therein described; that default in the payment of such a note does not, of itself, divest the title of the maker of the note to the grain mentioned in the note; and that the admitted

[1] Reported in 67 N. W. 645.

proof of ownership of the grain constituted a variance between it and the allegations of ownership set forth in the complaint, and therefore inadmissible under the allegation in the complaint.

Appeal by defendant from a judgment of the district court for Big Stone county, in favor of plaintiff for $110.77, entered in pursuance of the findings and order of C. L. Brown, J. Reversed.

*J. F. M' Gee*, for appellant.

*Elmer N. Morrill*, for respondent.

BUCK, J. The only material question arising upon this appeal, which we deem necessary to discuss, is one of pleading.

One Peder Anderson for several years had owned, lived upon, and farmed a certain tract of land in Big Stone county, in this state, which was incumbered by a real-estate mortgage. Some time previous to the commencement of this action he became insolvent, and thereupon deeded the incumbered land to a mortgage company holding the mortgage, in satisfaction thereof. This company leased the land to Sena Anderson, wife of Peder Anderson, for the year 1893, and he purchased from the respondent 125 bushels of seed wheat, to be sown upon said premises, for which, on March 30, 1893, he gave respondent a note for the sum of $106.25, drawing interest at the rate of 8 per cent. per annum, payable October 15, 1893, and in the note it was stated that it was given for 125 bushels of seed wheat; that the wheat was to be sown on the mortgaged premises, and that the payees and their assigns should have "full power and are hereby authorized to declare this note due at any time when they may deem themselves insecure," even before the maturity of the note; that in case the note was sold or foreclosed the maker was to pay all reasonable costs of suit or foreclosure, including attorney's fee of $10. This note was filed in the office of the town clerk of the town where the land was situated, and where the maker resided. The wheat was duly sown, and, after it was harvested, Peder Anderson sold 213 bushels of the wheat raised on said land during the year 1893, which was covered by the seed-grain note hereinbefore described. The plaintiff demanded the wheat of the defendant, to whom the wheat was sold, and, upon its refusal to surrender it, commenced this action for converting it.

In the complaint the material allegations are that on September 20, 1893, the plaintiff was, and since then had been, the owner of the wheat in question, and that between the 20th and 28th days of September, 1893, the defendant wrongfully converted the same. These allegations were met by a general denial, and on the trial the respondent was allowed to prove—against the specific objection and exception of appellant—that he had a seed-wheat lien on the wheat in question, by virtue of the note to which we have referred; and the court made its findings of fact and conclusion of law in favor of the plaintiff, and ordered judgment for the value of the wheat, and, judgment having been entered thereon, the defendant brought this appeal.

The precise question to be determined is whether, upon the allegations in the complaint of general ownership of certain wheat, and its alleged conversion by the defendant, the plaintiff should have been permitted to introduce, in evidence of his ownership, a seed-wheat note, and its lien on the wheat, and default in the payment thereof, and rely solely thereon as proof of such ownership, as sufficient evidence to establish his right of action.

In order to arrive at a correct solution of this question, we must first ascertain what is the legal relation which the plaintiff bears to this seed-grain note, when there is a default in the payment thereof. Under the law regulating the execution of a note of this character, we assume that the plaintiff had a lien upon the grain raised by Peder Anderson, and it is claimed that in case of default in the conditions of the note the title to the grain passed to the lien holder, the same as in a case of default in the payment of a note or debt secured by a chattel mortgage, with its usual conditions. But there is a wide distinction between the two, and it is this: The usual formal chattel mortgage constitutes a conditional sale, and operates to transfer the legal title of the property to the mortgagee, subject to be defeated by the conditions in the mortgage. Whether absolute or not, it is a present legal title, defeasible under certain conditions subsequent; and if there is a breach of these conditions the mortgagee has the right to take actual possession of the property and treat it as his own, and he may maintain trover or replevin against any one who takes or converts it to his own use. Generally, however, in order to perfect the title and cut off a right of redemption, he must give due notice of a sale thereof, or legal foreclosure pro-

64 M.—34

ceedings must be taken, and the sale completed. . But the right of the mortgagee to maintain an action in trover or replevin after conditions broken rests upon the fact that he has a legal title to the property, and therefore, in such action, he may allege generally that he is the owner of the property, and that the defendant has converted it.   As to pleading in actions of trover for conversion of mortgaged property, this rule is so stated in Jones, Chat. Mortg. § 445.

It is one of the essential requisites of pleading under the Code that the complaint shall contain a plain and concise statement of the facts constituting the cause of action.   G. S. 1894, § 5231.   When this is done the adverse party is duly advised of what he has to meet by answer and on the trial, and to this end the allegations of the respective parties should be reasonably definite and certain.   This rule is clearly stated in the case of Freeman v. Freeman, 39 Minn. 370, 40 N. W. 167, where it is said: "In the conduct of actions there is no right more clear than that of a party to have the allegations in his adversary's pleading made with such reasonable and practicable definiteness and certainty as to enable him to meet them with counter allegations, and to prepare, so far as the truth of the case will permit, to meet them with proofs."

But the lien held by the owner of a seed-grain note is merely the creation of the statute. It is not, either by the language of the statute or the conditions of the note, a conditional sale; and no title, either qualified or absolute, passes upon default in its payment, and the title of the maker of the note to the grain can only be divested by proper legal proceedings.   Hence, when the plaintiff alleged that he was the owner of the wheat in question, it is quite apparent that he was mistaken, and that, as the title thereto still rested in the maker of the note, there was a fatal variance between his proof and the allegation of ownership in the complaint.   He should have stated the facts which constituted his cause of action, so as to apprise the defendant, a third party, of what he would have to meet.   An allegation by plaintiff of his ownership of property, when he has only a mere statutory lien upon the property, and the real title thereto is in a third party, is not such a statement of facts as will permit him to maintain an action of conversion against such third party solely upon proof of such lien.   Undoubtedly the plaintiff may maintain an action for conversion against any person who has unlawfully taken

possession or converted the wheat, but he can only do so upon proper allegation of the real facts in the case. In Nash v. Brewster, 39 Minn. 530, 41 N. W. 105, it is said that the holder of the note may maintain an action for conversion against the holder of a subordinate lien, who has taken possession. If this can be done, certainly an action can be maintained against a third person who has taken possession of the property under claim of purchase.

We have not considered the other question raised and discussed by counsel, as to the rights of Peder Anderson's wife, because, under an insufficient complaint, we do not regard it proper to do so.

Judgment reversed.