CHARLES F. LELAND and Another v. SCHOOL DISTRICT NO. 28 OF ST. LOUIS COUNTY.

October 25, 1899.

Nos. 11,787—(140).

**School District—Oral Contract with Teacher.**

An oral contract made by a school teacher with the board of trustees of a school district to teach school is invalid, and no recovery can be had for services performed thereunder, in an action upon quantum meruit.

Action in the municipal court of Duluth to recover $60 for services performed by plaintiffs' assignor as teacher in defendant school district. The case was tried before Edson, J., who found in favor of plaintiffs; and from a judgment entered pursuant to the findings, defendant appealed. Reversed.

*John Jenswold, Jr.,* for appellant.

*Windom & McMahon,* for respondents.

BUCK, J.

One Mae D. Greer, a qualified and duly-licensed school teacher, taught school in the above-named school district (No. 28), in St. Louis county, in this state, for a period of six months, commencing November 11, 1897, at the rate of $40 per month, for which the district paid her for four months' services, leaving the balance of $60, for one month and one-half, unpaid, which amount she assigned to these plaintiffs, who bring this suit for the recovery thereof upon

quantum meruit. There was no written contract made between the teacher and the board of trustees of the district, as required by G. S. 1894, § 3694, which provides that the

"Board of trustees, at a meeting called for that purpose, shall hire, for and in the name of the district, such teachers only as have certificates of qualification, and make written contracts with such teachers, specifying the wages per month and time employed, as agreed upon by the parties, and file such contracts in the office of the clerk."

After Miss Greer had taught the full term of six months, the school director and clerk issued to her an order on the treasurer for the balance of $60, and she assigned the order to the plaintiffs, for value, before the commencement of this action, and no part has been paid; and the school district refuses to pay the same upon the ground that she did not teach in said school district under a written contract, as provided by law. This is the principal question involved in this action.

In McGuiness v. School Dist. No. 10, 39 Minn. 499, 41 N. W. 103, it was held that a contract between a teacher and the trustees of a school district must, under the statute above quoted, be in writing, and signed by the teacher and a majority of the trustees, and must state the wages of the teacher per month, and the time employed, and that these requirements were essential to the validity of the contract. But the question of whether the school district could waive the statutory provision requiring such contracts to be in writing, and orally employ a teacher, who, when she had thereunder performed the services, could maintain an action upon quantum meruit, was not passed upon. We think such statutory provisions are mandatory, and that an oral contract made between such parties and for such purposes is invalid. 1 Beach, Pub. Corp. § 253.

Where a statute provides that all the contracts of a municipal corporation shall be in writing, this restriction must be observed, or the contract will be considered invalid. 15 Am. & Eng. Enc. 1084. This provision of the statute is one resting in a sound public policy, and a school teacher and the trustees of a school district cannot waive the restrictions and limitations found in the law. In

this state there are several thousand school districts, and to permit them to make oral contracts for teaching, the terms and conditions of which must necessarily rest in the memory of the trustees and teachers, might lead to innumerable disputes and litigation, to the great injury of the educational interests, if not frequently to the financial interests, of the districts and the state.

This case well illustrates what the people and trustees of a school district may sometimes do when instigated by a selfish interest, viz., repudiate an honest though invalid claim, although it had the benefit of the services of a faithful and competent teacher, and had used her services as the basis for obtaining their share of the state apportionment of the school money. Hence it is important for both teacher and trustees that the mandatory provisions be followed; that the wages per month and time employed as agreed upon be reduced to writing, and thus made definite and certain, and filed in the clerk's office, where the same will be open to inspection by all interested persons. And it is a wise rule that requires such a contract to be reduced to writing, and does not permit the officers of a municipal corporation to waive its execution. The right of waiver is subject to the control of public policy, which cannot be set aside or contravened by any arrangement or agreement between the parties, however expressed. 28 Am. & Eng. Enc. 533.

We therefore hold that an oral contract made by a school teacher with the board of trustees of a school district to teach school is invalid, and no recovery can be had for services performed thereunder, in an action upon quantum meruit.

Judgment reversed.