FIRST NATIONAL BANK OF BARNESVILLE v. ST. ANTHONY & DAKOTA ELEVATOR COMPANY.[1]

January 3, 1908.

Nos. 15,335—(108).

**Action for Conversion.**

Action to recover the value of a quantity of wheat which the plaintiff claimed by virtue of a chattel mortgage thereon. *Held*, the complaint stated a cause of action for a conversion of the wheat by the defendant, and did not present any case for an election by the plaintiff whether the case should be tried "on the theory of trover or breach of contract."

**Power of Sale in Chattel Mortgage.**

The power of sale in the mortgage, authorizing the mortgagee, in case of condition broken, to take possession of the mortgaged chattels and

[1] Reported in 114 N. W. 265.

sell them at public sale, and out of the proceeds thereof pay the debt secured by the mortgage, was a cumulative, and not an exclusive, remedy.

**Evidence of Agent.**

It is competent to call an alleged agent, and prove by him facts within his personal knowledge tending to establish his agency. Such evidence is not hearsay, but original, and not within the rule that agency cannot be proved by the admissions or declarations of the alleged agent.

**Secondary Evidence of Records.**

The trial court did not err in receiving secondary evidence of the contents of certain records which were material to the issue, competent, and shown to be in the possession of defendant; due notice to produce them upon the trial having been given.

**Verdict.**

The evidence was sufficient to sustain the verdict.

Action in the district court for Clay county to recover $119.16 for the conversion of a quantity of wheat. The case was tried before Baxter, J., and a jury which rendered a verdict in favor of plaintiff. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Wilson & Mercer,* for appellant.

*C. S. Marden* and *W. B. Douglas,* for respondent

START, C. J.

Action for the conversion of one hundred sixty five bushels and thirty pounds of No. 2 wheat. Verdict for the plaintiff, and the defendant appealed from an order of the district court of the county of Clay denying its motion for judgment notwithstanding the verdict, or for a new trial.

The plaintiff's claim of title to the wheat was based upon a chattel mortgage given by Thomas Cech to it upon certain personal property therein described, and a two-thirds interest in all the crops, including wheat, to be sown, grown, and harvested on the farm occupied by the mortgagor during the farming season of 1905, to secure the payment of 'an indebtedness to the bank, evidenced by two promissory notes, in the sum of $438.82. The chattel mortgage was duly executed, acknowledged, and filed in the office of the proper town clerk. It contained the usual power of sale, to the effect that the

mortgagee, in case of default in the conditions of the mortgage or any attempt made to remove the mortgaged property from the county or to dispose of it, was authorized to enter upon the premises where the property might be, remove and sell it at public sale, and out of the proceeds thereof pay the mortgage debt. The complaint alleged the making of the mortgage, the raising and threshing of the grain, a default in the conditions of the mortgage, a sale of the wheat here in question by the mortgagor to the defendant, a demand therefor, and its refusal. The answer admitted the demand and refused, but put in issue the other allegations of the complaint here material.

1. The defendant moved the court that the plaintiff be required to elect "whether its case was to be tried on the theory of trover or breach of contract." The motion was denied, and the ruling is here assigned as error.

The complaint alleged a cause of action against the defendant for conversion of the wheat, and contained no suggestion that the action was based on contract; hence no case for an election was presented. After the debt secured by the mortgage became due and was unpaid, or other conditions of the mortgage broken, the legal title to the mortgaged property was in the mortgagee, and the plaintiff might have alleged in the complaint generally that it was the owner of the property, and that the defendant had converted it, or, as the plaintiff elected to do, the source of its title and that the defendant converted the property. In either case the complaint would state a good cause of action for conversion. Close v. Hodges, 44 Minn. 204, 46 N. W. 335; Scofield v. National Ele. Co., 64 Minn. 527, 67 N. W. 645. The defendant, however, claims that the complaint does not state a cause of action because the power of sale and right to take possession of and sell the property in case of default given by the mortgage is the exclusive remedy. There is no merit in the claim, for, even as between the mortgagor and mortgagee, the remedy is not exclusive, but simply cumulative. The mortgagee in a chattel mortgage may foreclose his mortgage by action or maintain replevin against the mortgagor after condition broken. If his remedy was limited to the seizure and sale of the mortgaged chattels under the power of sale in the mortgage, then, if the property was sold

and delivered by the mortgagor to a third party, the mortgagee would be remediless.

2. The defendant owned and operated a grain elevator in the vicinity of the farm occupied by the mortgagor, and upon which the grain covered by the mortgage was raised. The plaintiff called the person in charge of the elevator at the time of the alleged sale of the wheat to the defendant, and elicited from him evidence tending to show that he purchased the wheat at the elevator from the mortgagor for the defendant. The defendant claims, in this connection, that the trial court permitted the plaintiff to show the agency of the person in charge of the elevator by himself; that is, as we understand the claim, by his admissions or declarations. The rule is unquestioned that the declarations or admissions of an agent, which are no part of the res gestæ, and not made in the course or within the scope of his agency, are incompetent as evidence to prove his agency or as evidence against the principal for any purpose. Parker v. Winona & St. Peter Ry. Co., 83 Minn. 212, 86 N. W. 2. This rule, however, does not prevent the calling of an alleged agent to prove facts within his own knowledge tending to establish his agency; for example, that he was employed by the alleged principal, the nature and extent of the business to be done, and any instructions relating thereto given by his principal. Such evidence is not hearsay, but original evidence. Gates v. Manny, 14 Minn. 13 (21). The witness further testified to the effect that the defendant owned the elevator; that he was employed by the defendant and placed in charge thereof for the purpose of buying grain at the elevator with money furnished by the defendant. He also testified as to the manner of buying, paying for, and shipping wheat at the elevator, and as to the method of keeping the record of grain so purchased. This evidence was competent and sufficient to establish the authority of the witness to represent the defendant, as its agent, in the management of the elevator and purchasing of grain for it.

He also testified that a man by the name of Thomas Cech (the same name as that of the mortgagor), in the fall of 1905, brought wheat to the elevator, and that he purchased it for the defendant and paid for it; that he was not certain of the grade, but thought it was No.

3, and that it amounted to ninety or one hundred bushels. The plaintiff, for the purpose of showing that the full amount of wheat so sold to the defendant by Thomas Cech was the number of bushels claimed in the complaint, examined the witness, the defendant's buyer or agent at the elevator, as to what was done by him when he purchased and paid for grain. He testified, in effect, that, when he bought wheat and paid for it, he would make a ticket for it and duplicate the ticket on the stub, which would be kept at the elevator, and the ticket sent to the defendant, and that the seller was required to sign his name to the ticket before he was paid for the wheat; that such a ticket was issued when the wheat was purchased of Thomas Cech, and that he signed his name thereto. The witness further testified that he also kept at the elevator a scratch book in which he put down the loads of grain purchased, but they were not always recorded in this particular book.

The plaintiff served notice on the defendant's attorneys to produce on the trial the ticket and records relating to the sale by Thomas Cech of wheat at the elevator. On the trial plaintiff called for the ticket, and was answered by defendant's counsel that he had never seen it, and did not have it. No objection was made as to the sufficiency of the notice. A witness was called by the plaintiff, who testified that he was sent to the elevator by the plaintiff to find out how much grain was received from Thomas Cech, and was there shown by the agent then in charge a record of the grain bought by the defendant. He was permitted, over the objection of the defendant, to testify that he and the agent examined the record, and it showed that on November 4, 1905, there was purchased, at the elevator, of Thomas Cech three loads of wheat, amounting to one hundred sixty five bushels and thirty pounds. The admission of this testimony is assigned as error, for the reason that the original records would not have been admissible in evidence if produced, for they were not account books, and, further, that the evidence was merely hearsay.

The original record, if it had been produced by the defendant, would have been admissible in evidence as tending to show an admission on its part that it purchased the number of bushels of wheat

claimed from Thomas Cech. It was not hearsay evidence, but secondary evidence in place of the record the defendant refused to produce. The court did not err in receiving the secondary evidence. McGuiness v. School District, 39 Minn. 499, 41 N. W. 103; Levine v. Lancashire Ins. Co., 66 Minn. 138, 68 N. W. 855; General Convention v. Torkelson, 73 Minn. 401, 76 N. W. 215. Other alleged errors as to the admission of evidence are assigned, but an examination of them clearly shows that none of the rulings were prejudicial, even if it be conceded that some of them were technically erroneous.

3. The defendant also contends that the trial court erred in not submitting to the jury the question whether the plaintiff, by its conduct, waived its lien on the grain raised by the mortgagor. The claim is based upon evidence tending to show that the plaintiff did not look after the wheat when it was threshed, or have any one there to take it away when threshed, or send any teams for it, or have any talk with the mortgagor as to when he would thresh. Consent by the mortgagee to sale of the wheat cannot be implied from any or all of such facts, and the evidence was clearly insufficient to authorize the submission to the jury of the question whether the plaintiff had waived its lien. Endreson v. Larson, 101 Minn. 417, 112 N. W. 628.

4. The last claim urged by defendant is that there was no evidence to support the verdict. The evidence to show that a part of the wheat covered by the mortgage was sold by the mortgagor to the defendant was in important particulars circumstantial. There was evidence tending to show that the mortgagor, Thomas Cech, occupied and farmed the land described in the mortgage during the farming season of 1905 for a share of the crops; that he did not raise any other wheat or grain that season except on such farm; that, when the grain was threshed, it was divided between him and his landlord, and his share placed by itself in a bin in the granary which was in his possession; that he left the farm about November 15 thereafter; that the plaintiff's assistant cashier went to the farm the fore part of December, and in answer to a question whether it was before or after the crop was sold answered that part of it was sold, that he did not know "if it all was sold—the biggest part, though"—

and, further, that Thomas Cech on November 4 sold wheat, as already stated, to the defendant at its elevator.

The jury were justified in finding that Thomas Cech, who sold the wheat, and the mortgagor, were one and the same person. There was identity of name, and no evidence that there was any other Thomas Cech in that vicinity. Again, the evidence shows that the man who sold wheat to the defendant signed his name upon the ticket which was retained by the defendant. If this ticket had been produced by the defendant on the trial, a comparison of the signature thereon with the signature of the mortgagor on the note and mortgage in this case, which were in evidence, would have determined to a reasonable certainty whether the mortgagor and the party who sold the wheat were one and the same person. The jury had a right to infer that they were, for, as said by the court in McGuiness v. School District, 39 Minn. 499, 41 N. W. 103: "Every reasonable intendment and presumption will be against the party who withholds the writing which might definitely establish the matter in controversy."

We are of the opinion that the verdict is sustained by the evidence, within the rule applicable to cases where the trial judge has approved the verdict.

Order affirmed.