## ALEX RUPPERT v. FRED. MUELLING.[1]

January 14, 1916.

Nos. 19,573—(189).

**Evidence of agency — hearsay.**

1. Neither the testimony of the principal nor the testimony of the agent as to the employment as agent is hearsay; and in an action by the principal against a third party, in which it becomes material to establish the agency, such testimony cannot be excluded as hearsay.

**Broker's compensation — verdict sustained by evidence.**

2. Whether plaintiff procured the purchaser for defendant's farm, and whether defendant agreed to give him, as compensation for pro-

[1] Reported in 155 N. W. 1039.

Note.—When real estate broker is considered as procuring cause of sale or exchange, see note in 44 L.R.A. 231.

curing such purchaser, whatever was received for the farm above an amount which would give defendant $15,500 net after paying for the cancelation of a lease, were made questions for the jury by the evidence, and their verdict cannot be disturbed.

Action in the district court for Scott county to recover $400 for commission in obtaining a purchaser for defendant's real estate. The case was tried before Morrison, J., who when plaintiff rested denied defendant's motion to dismiss the action, and a jury which returned a verdict for the amount demanded. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*F. C. Irwin,* for appellant.

*George F. Sullivan,* for respondent.

TAYLOR, C.

Plaintiff recovered a verdict of $409 as his commission for procuring a purchaser for defendant's farm. Defendant made a motion for a new trial and appealed from an order denying his motion.

The farm was sold to one Japs for the sum of $16,100. At the time of the sale, it was occupied by a tenant to whom defendant paid the sum of $200 to surrender his lease, leaving $15,900 as the net amount realized from the sale.

Plaintiff and defendant differ radically as to the agreement between them. According to plaintiff's testimony, defendant promised that if plaintiff found a buyer for the farm he should have all that it sold for over and above an amount which would give defendant $15,500 net after paying the tenant for the cancelation of the lease. According to defendant's testimony, he promised plaintiff $200 in case plaintiff found a buyer for the farm at the price of $16,000, and made no other agreement with him whatsoever. Defendant also claims that plaintiff did not procure the buyer and had no part in effecting the sale.

The court instructed the jury in effect that, if they found the contract to be as claimed by plaintiff and that he had procured the purchaser, he was entitled to a verdict for $400, and that, if they did not so find, defendant was entitled to a verdict. No complaint is made concerning the theory upon which the case was submitted to the jury, or the manner in which it was submitted, and no exception is taken

to the charge. By their verdict, the jury necessarily found that plaintiff's version of the contract was correct and that he had procured the purchaser. Defendant contends that these findings are not sustained by the evidence, and that the court admitted testimony which should have been excluded.

The purchaser, Japs, was conducted to the residence of defendant and introduced to him as a prospective purchaser by one Lambrecht. Thereupon Japs and defendant made their contract directly with each other, and plaintiff had no part personally in the transaction. Lambrecht testified that he was acting at the instance of, and in behalf of plaintiff; and plaintiff testified that he had requested Lambrecht to find a purchaser and had promised to pay him for doing so.

Defendant invokes the familiar rule that declarations of an agent are not admissible against the alleged principal for the purpose of proving the agency, and insists that the testimony of plaintiff and Lambrecht concerning the arrangement between them should have been excluded under this rule. He also insists that such testimony should have been excluded under the rule barring hearsay testimony. The first rule is merely a specific application of the second. Neither rule applies in the present case. While the testimony of a third party that he heard the alleged agent state that he was such agent is not admissible to prove the fact of agency, yet the agent himself may testify to his employment as agent, and of course the principal may also testify to such employment. Where it becomes material to establish that one person was acting for another, the testimony of such persons to that effect is not hearsay, but primary and original evidence. First Nat. Bank of Barnesville v. St. Anthony & D. Ele. Co. 103 Minn. 82, 114 N. W. 265. Defendant's contention that the court erred in admitting the evidence in question cannot be sustained.

The conflicting testimony in respect to the terms of the agreement between plaintiff and defendant unquestionably presented an issue of fact as to such terms which was for the jury to determine. The conceded fact that Lambrecht procured the purchaser, and his testimony that in doing so he acted at the request of plaintiff and in his behalf, also made a question for the jury as to whether plaintiff was the procuring cause of the sale. The jury resolved both questions in favor of

plaintiff and we find no sufficient reason for disturbing their conclusions.

Order affirmed. _____