## RUTH STANGER v. S. C. PANDOLFO.[1]

### December 19, 1919.

### No. 21,309.

**Contract of employment — finding sustained by evidence.**
    1. The evidence is sufficient to sustain a finding by the jury that there

[1]Reported in 175 N. W. 912.

was a contract of employment between plaintiff and defendant, and that plaintiff was entitled to recover the reasonable value of services rendered and expenses incurred in its performance.

**Same — evidence — admissible and inadmissible.**

2. Plaintiff was properly permitted to testify to her employment by defendant as his agent to procure certain work to be done for him, and a letter from him to her was properly excluded as being merely a statement of the same facts as were disclosed by his testimony.

**Verdict not excessive.**

3. The verdict was not so excessive as to require the trial court to set it aside.

Action in the district court for Stearns county to recover $655.13 for services and expenses incurred. The facts are stated in the opinion. The case was tried before Roeser, J., and a jury which returned a verdict for $518.55. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*R. B. Brower,* for appellant.

*Westphal & Ochu,* for respondent.

LEES, C.

Action on contract to recover for services rendered and expenses incurred, in which plaintiff had a verdict for $518.55. Defendant appeals from an order denying a new trial. We are asked to reverse on the following grounds: (1) That the verdict is not justified by the evidence; (2) that the court erred in certain rulings on the admission of evidence; (3) that the amount of the verdict is so excessive as to indicate passion and prejudice.

1. In October, 1917, plaintiff was conducting a boarding house in St. Cloud, where defendant operated a large manufacturing establishment. She testified in substance that defendant, designing to put up a hotel near his factory for the accommodation of his employees, requested her to take charge of and manage it after completion, to make practical suggestions as it was being planned and constructed, and to secure the equipment and furnishings for it; that, at his request, she gave two and one-half months' time to the performance of these services, when defendant declined to go on with or further recognize the arrangement she had with

him, and that the reasonable value of her services was $200 per month. She further testified that she incurred expenses amounting to $110.13 in preparing the linen and bedding for the hotel, and furnished two rooms at her home for use as sewing rooms for six weeks while preparing it.

Defendant denied that he employed plaintiff to perform any services for him, and testified that she sought him out and represented that she wished to engage in the hotel business, had means of her own with which to do so, and desired eventually to purchase a hotel, and, if he built one, she would pay him rent on the basis of six per cent on his investment, together with taxes and other charges on the property; that in fact she had no means of her own, and, though she attempted to borrow $2,500 from a St. Cloud bank to engage in the hotel business, she was unable to secure the loan, unless he indorsed her note, which he declined to do, and that finally she abandoned the project entirely. He admitted that she did some work and incurred some expenses in preparing to equip and furnish the hotel, and that he agreed to pay a dry goods bill to a St. Cloud merchant for goods furnished for use in the hotel, which were delivered to plaintiff, but contended that plaintiff was attempting to promote her own interests in all that she did, and had no intention of charging him for her services, until after she ascertained she could not secure any money with which to embark in the business on her own account.

There was a direct and irreconcilable conflict in the testimony of the parties. The determination of the facts in dispute was peculiarly within the province of the jury, and the plaintiff's version of her transactions with defendant having been found true and the trial court having approved of the verdict, this court is not at liberty to interfere. There was enough evidence in the case to sustain the finding of the jury in plaintiff's favor, although her testimony as to the details of the alleged agreement is vague and his denial of the arrangement to which she testified is positive and emphatic, and although his testimony was corroborated in several particulars by another witness.

2. Before commencing the action, plaintiff wrote a letter to defendant, not introduced in evidence, in which she apparently asked for a settlement. His reply to her letter was offered in evidence and excluded on plaintiff's objection. It contained a statement of what he claimed with

reference to his transactions with her and an offer to pay her a small sum of money to desist from annoying him. There was no prejudicial error in excluding the letter, for it was merely a statement of substantially the same tenor as defendant's testimony.

Plaintiff requested a Ladies Aid Society to do some sewing in preparing the bedding for the hotel. An entry in a minute book kept by the secretary of the society was offered and received in evidence over defendant's objection. The entry contained a statement that the work was done for defendant and that the bill had not been paid. It was shown that there had been no direct communication between defendant and any member of the society, and it is urged that the entry was hearsay and its admission prejudicial to defendant.

We think the court's ruling may be sustained, in view of plaintiff's testimony that she obtained authority from defendant to employ some one to help her do the sewing, that he was informed and knew that the members of the society were doing it, and that she acted for him in what she did. If her testimony was true, she was his agent and her employment of these ladies was in effect his act. First Nat. Bank of Barnesville v. St. Anthony & Dakota Ele. Co. 103 Minn. 82, 114 N. W. 265; Ruppert v. Muelling, 132 Minn. 33, 155 N. W. 1039.

3. The jury was liberal with plaintiff in awarding damages, but the verdict is not so excessive as to warrant us in reversing, for, if they took plaintiff's testimony at its face value, they might award her as much as they did. With some hesitation, we conclude that we cannot interfere with the verdict on this ground, under the rule governing our action in weighing verdicts attacked as excessive. Gibson v. Chicago Great Western R. Co. 117 Minn. 143, 134 N. W. 516, 38 L.R.A. (N.S.) 184, Ann. Cas. 1913C, 1263; Gillespie v. Great Northern Ry. Co. 124 Minn. 1, 144 N. W. 466; Kelley v. Chicago, B. & Q. R. Co. 142 Minn. 44, 170 N. W. 886.

Order affirmed.