# STATE v. MERCHANTS NATIONAL BANK OF ST. PAUL AND ANOTHER.[1]

April 9, 1920.

No. 21,733.

**Indorsement of bank on negotiable paper construed — prior forgery.**

1. When a bank, which has cashed a negotiable voucher, transmits it with its own indorsement to another, it guarantees that all previous indorsements are genuine and that it has good title to the paper, and, if the prior indorsement of the payee was forged, the bank must respond to one who later purchases or pays the instrument.

**Redemption of state warrant — guaranty of prior indorsements.**

2. Where a bank, through which a forged state warrant is cleared, pays the amount of the same and presents it to the state treasurer for redemption, it guarantees that all previous indorsements are genuine.

**Statute inapplicable.**

3. Section 6378, G. S. 1913, requiring notice by a depositor to a bank which has paid a forged check, within six months after return of the check to him, as a condition to liability of the bank to the depositor for the amount paid, has no application to a case where a bank advances money to cash a voucher issued by the state, the indorsement of the payee of which is forged.

**No estoppel against the state.**

4. The state is not estopped by the fact that the forger is a trusted state employee, nor by any act or omission of any of its officers or agents.

**Forgery not within apparent scope of state employee.**

5. The act of the forger in this case was not within the apparent scope of his authority as a state employee.

Controversy submitted to the district court for Ramsey county under section 7920, G. S. 1913, to recover the amount of certain voucher warrants issued by the state auditor. The case was tried on an agreed case by Dickson, J., who found that both the Merchants National Bank and the National Exchange Bank were liable to the state for the amount

[1]Reported in 177 N. W. 135.

of the stolen drafts upon which the thief forged the indorsement of their respective payees; that if the Merchants National Bank should pay to the state the amount of the drafts, it would be subrogated to the rights of the state and entitled to recover from the National Exchange Bank the amount of such drafts. It was ordered that judgment be entered in favor of the state for the sum of $2,803.50. From the judgment entered pursuant to the order for judgment, both banks appealed. Affirmed.

*J. D. Armstrong,* for Merchants National Bank.

*Denegre, McDermott & Stearns,* for National Exchange Bank.

*Clifford L. Hilton,* Attorney General, and *James E. Markham,* Assistant Attorney General, for respondent.


HALLAM, J.

Defendant Merchants Bank was an active depository of state funds, that is, one in which a general checking account was carried. Defendant Exchange Bank was an inactive depository, that is, one in which state funds were deposited without intention of withdrawal by check.

On August 1, 1917, the state treasurer issued and mailed to all active depositories, including the Merchants Bank, a circular letter as follows:

"Beginning today the state will use the warrant voucher system for making disbursements. The voucher warrant will be issued by the state auditor, and when accepted by the state treasurer will become negotiable, and the holder thereof may deposit it in any bank in the same manner as a check. The voucher warrants are to be cleared through our active depository banks and will be redeemed by check upon presentation at the office of the state treasurer."

In October, 1917, and thereafter, the state of Minnesota issued voucher warrants for sums due to enlisted members of the National Guard who served on the Mexican border. Save for variation in name, amount and number, they were all in the following form:

STATE OF MINNESOTA

AUDITOR'S OFFICE

Auditor's warrant No. 11755.                                        $91.50

STATE TREASURER

Treasurer's check No. 186.                          St. Paul, Oct. 15, 1917.

Pay to the order of Henry C. Moeloth.

Ninety-one & 50/100 Dollars.

for Pay Roll.

App'n for 1918 for Public Safety Com. Revenue Fund.

J. A. O. PREUS, State Auditor, by M. J. Desmond, Deputy.

Accepted, Henry Rines, State Treasurer, by E. H. Walden, Deputy.

At the times mentioned, J. W. Edwards was a clerk in the office of the adjutant general, and was charged with the duty of receiving these voucher warrants from the state auditor and delivering them to the respective payees, personally, or by mail. While the same were in the office of the adjutant general awaiting such delivery, they were kept in a department vault to which Edwards had access.

While in possession of these voucher warrants, Edwards extracted certain of them, forged the indorsement of the payee thereon, indorsed them with his own name, and deposited them to the credit of his personal checking account in the Exchange Bank. The bank indorsed each of them as follows:

"National Exchange Bank of St. Paul

"St. Paul, Minn.

"A. L. Roth, Cashier,"

and presented them through the St. Paul Clearing House in the usual course of business to the Merchants Bank for payment. The Merchants Bank paid to the Exchange Bank the amount of the voucher warrants so indorsed, made its own indorsement in the following form, except as the date varied to correspond with time of payment:

"P A I D

"April 9, 1918.

"Merchants National Bank

"St. Paul, Minn."

and presented them to the state treasurer for redemption, and the same were redeemed by payment of the amount to the bank by the treasurer upon presentation thereof.

The state sued to recover the amount so paid. The trial court held both banks liable, but held that the Exchange Bank is primarily liable, and that if the Merchants Bank is obliged to pay, it will be entitled to recover from the Exchange Bank the amount so paid.

1. We agree with the trial court. The Exchange Bank simply cashed or purchased these voucher warrants. Under familiar principles of law, when that bank transmitted them, with its indorsement, to the Merchants Bank; it guaranteed that all previous indorsements were genuine and that it had good title to the paper. 3 R. C. L. 1148; G. S. 1913, § 5877; Youngberg v. Nelson, 51 Minn. 172, 53 N. W. 629, 38 Am. St. 497; Brown v. Ames, 59 Minn. 476, 482, 61 N. W. 448.

2. When the Merchants Bank presented them to the state treasurer for redemption, it warranted the genuineness of all prior indorsements. See G. S. 1913, § 5877; 2 Daniel, Neg. Inst. § 1663; Hortsman v. Henshaw, 11 How. 177, 183, 13 L. ed. 653; Wellington Nat. Bank v. Robbins, 71 Kan. 748, 81 Pac. 487; Farmers Nat. Bank v. Farmers & Traders Bank, 159 Ky. 141, 166 S. W. 986, L.R.A. 1915A, 77.

3. Defendants invoke section 6378, G. S. 1913. This section, reads as follows:

"No bank which has paid and charged to the account of a depositor any money on a forged or raised check issued in the name of said depositor shall be liable to said depositor for the amount paid thereon unless * * * within six months after the return of said depositor of the voucher representing such payment, said depositor shall notify the bank that the check so paid is forged or raised."

In our opinion this statute has no application to the facts in this case. By its terms, it applies only to forgery of the name of the depositor to a check purporting to have been drawn on a bank by a depositor, and paid by the bank, and charged to the depositor's account. These instruments were not checks upon either bank, nor were they charged to a depositor's account.

4. The state was not estopped from asserting its rights by the acts or omissions of any of its officers or agents. Board of Co. Commrs. of Ramsey County v. Nelson, 51 Minn. 79, 52 N. W. 991, 38 Am. St. 492; Board of Co. Commrs. of Hennepin County v. Dickey, 86 Minn. 331, 90 N. W. 775; State v. Foster, 104 Minn. 408, 116 N. W. 826.

5. The acts of Edwards were not within the scope, or the apparent scope, of his authority. In fact the deposit to his personal account of checks payable to soldiers, was plainly outside of the scope of his authority.

Judgment affirmed.