## HAROLD MARTIN v. COMMON SCHOOL DISTRICT NO. 3, RAMSEY COUNTY.[1]

June 12; 1925.

No. 24,684.

**Contracts with teachers in common school district.**
　　1. In a common school district the board is the exclusive body to make teachers' contracts.

**Same.**
　　2. Such boards can make contracts for the district only at a meeting of the board of which all members have had legal notice.

**Contracts with school board.**
　　3. Persons contracting with such board must at their peril inquire into its powers.

[1]Reported in 204 N. W. 320.

#### When board not estopped from claiming invalidity of contract.

4. Where two members of the board undertake to hold a meeting, without notice to the third member, and then prepare, execute and submit in form a teacher's contract reciting that it was made "by the school board at a meeting called for that purpose" and the teacher executes it, the board is not estopped from urging the invalidity of the contract while it is executory.

#### Ratification of defective contract.

5. The voters of the school district cannot ratify such contract. The board is the only body that has the power of ratification thereof, and then only by acts as formal as those which are necessary to enter into the contract in the first instance.

#### No collateral attack on right of school officer to his office.

6. Plaintiff seeking damages for breach of such alleged contract cannot attack the right and title of the treasurer to his office, who had no notice of the meeting, by showing that he had not filed a bond. He was at least a de facto officer, and must be counted on reckoning a quorum. His right to the office cannot be attacked collaterally but only in a proceeding brought directly for that purpose.

1. See Schools and School Districts, 35 Cyc. p. 1077.
2. See Schools and School Districts, 35 Cyc. pp. 904, 958.
3. See Schools and School Districts, 35 Cyc. p. 951.
4. See Schools and School Districts, 35 Cyc. p. 1085 (1926 Anno).
5. See Schools and School Districts, 35 Cyc. p. 1085.
6. See Schools and School Districts, 35 Cyc. pp. 886, 887.

Action in the district court for Ramsey county. Plaintiff moved for judgment for damages for breach of an express contract and defendant moved for judgment of dismissal on the merits, both motions being based upon the pleadings, stipulation of facts and records. Boerner, J., made findings and ordered judgment of dismissal with prejudice. From the judgment plaintiff appealed. Affirmed.

*Cowern & Jesmer*, for appellant.

*Currier & Osterlind*, for respondent.

WILSON, C. J.

Plaintiff appeals from an adverse judgment in his action for damages for an alleged breach of teacher's contract.

The school board of a common school district is the exclusive agency for the making of teachers' contracts. G. S. 1923, § 2903; Leland v. School Dist. No. 28, 77 Minn. 469, 80 N. W. 354; Andrews v. School Dist. No. 4, 37 Minn. 96, 33 N. W. 217; McGuiness v. School Dist. No. 10, 39 Minn. 499, 41 N. W. 103. No contract shall be made or authorized by the board except at a meeting of the board of which all members have had legal notice. G. S. 1923, § 2814. The chairman and clerk, failing to comply with the statute and without a notice to the treasurer, held a meeting and prepared, executed and submitted to plaintiff a written teacher's contract of employment. It recited that it was made "by the school board at a meeting called for that purpose." Plaintiff relied thereon. He signed it. The recital was untrue. The contract was a nullity.

By the terms of the instrument the employment was for nine months beginning on September 8, 1924. On August 2, 1924, the board notified plaintiff that his contract was void because there had been no meeting of the board. Plaintiff asserted the validity of his contract and now claims that defendant is estopped to urge its invalidity.

Persons contracting with municipal corporations must at their peril inquire into the powers of such corporations. Newberry v. Fox, 37 Minn. 141, 33 N. W. 333, 5 Am. St. 830; State v. Minn. T. Ry. Co. 80 Minn. 108, 83 N. W. 32, 50 L. R. A. 656; Jewell Belting Co. v. Village of Bertha, 91 Minn. 9, 97 N. W. 424; Spitzer v. Board of Trustees, 267 F. 121.

The conduct of the two members of the board and the recital in the alleged contract cannot create an estoppel against the municipality. Newberry v. Fox, 37 Minn. 141, 33 N. W. 333, 5 Am. St. 830; Board of Co. Commr's. v. Nelson, 51 Minn. 79, 52 N. W. 991, 38 Am. St. 492; Young v. Bd. of Ed. 54 Minn. 385, 55 N. W. 1112, 40 Am. St. 340; Board of Co. Commrs. v. Dickey, 86 Minn. 331, 90 N. W. 775; State v. Foster, 104 Minn. 408, 116 N. W. 826; State v. Merchants Nat. Bank, 145 Minn. 322, 177 N. W. 135; State v. Shevlin- Carpenter Co. 102 Minn. 470, 113 N. W. 634, 114 N. W. 738. The two trustees had no authority to make a contract. They were powerless to make a recital that would have the effect of an

executory contract. To permit such a result would be to authorize the making of a contract indirectly which could not be made directly. Doubtless there are cases in which the doctrine of estoppel may be applied to a municipality, but our attention has not been called to any case in which it has been held that a municipality is estopped from asserting the invalidity of an executory contract.

On August 30, 1924, at a special meeting of the voters of the school district, a resolution was adopted in form ratifying and confirming plaintiff's alleged contract. It is now sought to sustain the contract by virtue of such ratification. This cannot be done. The sections of the statute above cited provide the only way by which a contract may be made by the municipality. That power is invested in the board alone. The ratification can be made only by the body authorized to make such contract. 28 Cyc. 676; Zottman v. City of San Francisco, 20 Cal. 96, 81 Am. Dec. 96; City of Sioux City v. Weare, 59 Iowa, 95, 12 N. W. 786. The contract was not beyond the power of the board to make and hence was susceptible of ratification. Minneapolis, St. P. R. & D. E. T. Co. v. City of Minneapolis, 124 Minn. 351, 145 N. W. 609, 50 L. R. A. (N. S.) 143. But the ratification could be made by the board only, and then only by acts as formal as those which were necessary to enter into the contract in the first instance.

Plaintiff's attack upon the right and title of the treasurer to his office on the ground that he had not filed a bond as provided by law until this controversy arose, is futile. He was at least a de facto officer. He exercised the duties of his office under color of title. His right and title to the office can be attacked only in a proceeding brought direct for that purpose. So far as plaintiff was concerned the acts of a de facto officer were as valid as the acts of an officer de jure, and he must be counted in reckoning a quorum.

Affirmed.