## ROSE OXMAN v. INDEPENDENT SCHOOL DISTRICT OF DULUTH.[1]

November 8, 1929.

No. 27,529.

[1]Reported in 227 N. W. 351.

*George H. Spear,* for appellant.

*Abbott, MacPherran, Dancer, Gilbert & Doan,* for respondent.

HILTON, J.

Defendant appeals from an order denying its motion for a new trial. Plaintiff, a licensed and qualified school teacher, brought this action to recover for six weeks' salary from September 5 to October 15, 1927, both dates inclusive.

L. 1927, p. 42, c. 36, was approved on March 14, 1927, to take effect from and after July 1 of that year. Its title is:

"An act to regulate the employment of teachers in the public schools in cities of the first class and fixing the conditions under which they may hold their positions or may be discharged or may be demoted."

Section 4 thereof provides that all teachers in public schools in cities of the first class during the first three years of consecutive employment shall be deemed to be in a probationary period during which an annual contract with any teacher may or may not be renewed as the school authorities see fit. It is further provided in § 5 that after the completion of such probationary period without discharge such teachers as are thereupon re-employed shall continue in service and hold their respective positions during good behavior and efficient and competent service and shall not be discharged or demoted except for one or more causes specified in § 6, of which marriage is not one. Charges against the teacher must be in writing and a hearing had. The "years of consecutive employment" means school years.

On May 6, 1927, the school board of defendant adopted a resolution which made a teaching contract with an unmarried woman without force and effect if she married before the commencement of the ensuing term. If she married during such term it required her to submit her written resignation, which the board might at its option accept. Upon such acceptance the board should be discharged and released of all liability under the contract.

In May, 1927, defendant delivered to plaintiff a notice that she had been reappointed as teacher for another year and inclosed a blank contract for that period. Plaintiff signed and returned the contract as requested. The school board retained it but apparently did not execute it. Plaintiff was married on July 10, 1927. On August 24, 1927, defendant informed plaintiff that because of her marriage she would not be assigned to a teaching position for the ensuing year. She at once notified the board that she was ready and willing to perform the contract (and she has so remained), but defendant failed to assign her to a position and refused to recognize her as a teacher or to permit her to teach.

Plaintiff had been employed by defendant for the school years 1923-1924, 1924-1925 and 1925-1926 (three consecutive years) and was re-employed for and taught the school year 1926-1927, the actual teaching period of which ended on June 17, 1927. For each of the four years in question she had a written contract with defendant. The case was tried by the court without a jury and judgment ordered in her favor for $209.29 with interest, the amount sued for, being the proportionate part of the yearly salary.

The main contentions of the defendant are: (1) The statute requiring a written teaching contract is mandatory, and plaintiff not having such was not entitled to recover; (2) that in the absence of such a written contract for 1927-1928 plaintiff was not employed by the school district when the tenure act became effective and hence it did not apply to her.

■ As regards all school districts in the state prior to the passage and going into effect of L. 1927, p. 42, c. 36, a written contract between the teacher and school district was necessary in order to

permit recovery for services rendered. G. S. 1923, § 2903, as amended, 1 Mason, 1927, id. provides:

"The employment shall be by written contract signed by the teacher, and * * * in special and independent districts, by the chairman and clerk. Such contract shall specify time of employment, and the wages per month."

It has been the uniform holding of this court that without such contract a teacher was not lawfully employed and could not collect compensation for services rendered. Martin v. Common School Dist. No. 3, 163 Minn. 429, 204 N. W. 320, and cases cited. That condition still maintains as regards all school districts and teachers other than those coming within the operation of said c. 36. Section 15 thereof provides: "All acts and parts of acts inconsistent with this act are hereby repealed." This repealing clause under the situation here took plaintiff and defendant out of the mandatory requirement as to signed contracts. Although a signed contract was desirable it was not necessary.

■ Section 1 of the act states that the term " 'teacher' shall include every person regularly employed," etc. Section 14 reads: "The period of service rendered by teachers in the districts in which they are employed at the time this act becomes effective, shall be considered in computing the probationary period." Defendant's second position is based on these two sections. It insists that plaintiff did not come within the protection of the tenure act for the reason that she was not employed by the district when the act became effective, July 2, 1927. This position is not tenable. The school board did not before July 2, 1927, advise plaintiff that she would not be further employed but on the contrary notified her that she had been reappointed. She was employed at the time the act became effective within the meaning of the law and entitled to the benefit thereof. Reasons readily suggest themselves as to the purpose of the legislature in postponing the going into effect of the act. It is a matter of common knowledge that school terms in cities of the first class close in June.

We cannot agree with defendant's claim that on (from) and after July 1, 1927, *only* "there should be a probationary period of three years with annual contracts at the option of the school authorities and that any teacher re-employed after the completion of such probationary period should not be discharged except for cause." Such could not have been the legislative intent. The act was for the benefit of tried and experienced teachers whose teaching status had met its requirements, as well as of those that might thereafter come within its provisions. It was wise legislation, promotive of the best interests not only of the teachers affected but of the schools as well.

We hold that the findings of fact as finally amended by the trial court are amply supported by the evidence; that the conclusions of law drawn therefrom were correct; and that the assigned errors are without merit.

Affirmed.

[1]Reported in 227 N. W. 350.