James L. STEINER, Appellant,

v.

INDEPENDENT SCHOOL DISTRICT
NO. 625, Respondent.

No. 47652.

Supreme Court of Minnesota.

Jan. 27, 1978.

Peterson, Engberg & Peterson and William F. Garber, Minneapolis, for appellant.

Richard J. Battis, St. Paul, for respondent.

PER CURIAM.

Plaintiff James L. Steiner appeals from the judgment of dismissal of his complaint entered in the Ramsey County District Court. We affirm.

The instant action centers upon a dispute between the parties as to the effect of a teacher's contract, entered into on December 1, 1973, which purported to hire plaintiff as a teacher in the Independent School District No. 625 for the period from December 10, 1973, until June 7, 1974.

Plaintiff asserts that he was hired as a regular, full-time teacher and that he was therefore entitled to the benefit of the termination procedures contained in Minn.St. 125.17. Defendant contends that the plaintiff was hired in an emergency setting for a period of less than 1 year in duration and that the contract, as based upon the parties' understanding, was permissibly self-terminating on June 7, 1974.

The district court specifically found that plaintiff was hired in accordance with the provisions of § 123.35, subd. 5, and that § 125.17, the Teacher Tenure Act, was inapplicable to the instant proceeding.

The record indicates that at the time of the execution of the contract, plaintiff fully understood that he was hired merely for the remainder of the school year with no privileges concerning future teaching positions. Rather, plaintiff was hired, along with eight other teachers, specifically to reduce the student-teacher ratio to a level which would qualify the school district for certain Federal funds.

This court has not specifically dealt with the focal issue raised herein—whether a teacher who is not a "substitute," i. e., is not hired to fill the vacancy of another regular teacher, may still be properly hired for an emergency position within the meaning of § 123.35, subd. 5, so as to permit automatic termination of a contract of less than 1-year duration without compliance with procedures set forth in § 125.17. The school board viewed the impending loss of Federal funds as an "emergency" requiring the immediate, but temporary, addition of certain faculty members.

It is our view that the district court was correct in relying upon § 123.35, subd.

5, as determinative of the instant action. Not only was the plaintiff fully apprised of the terms of his contract, but he also fully accepted those terms. In addition, the construction of the contract as employed by the district court is wholly consistent with the cumulative principles set forth in *Perry v. Independent School Dist. No. 696,* 297 Minn. 197, 210 N.W.2d 283 (1973), and *Hudson v. Independent School Dist. No. 77,* Minn., 258 N.W.2d 594 (1977). Finally, the plaintiff has failed to establish that the school board was employing an artificial employment classification to either allow the arbitrary discharge of teachers unrelated to their ability or to prevent tenure. *McSherry v. City of St. Paul,* 202 Minn. 102, 277 N.W. 541 (1938); *Oxman v. Independent School Dist. of Duluth,* 178 Minn. 422, 227 N.W. 351 (1929).

Affirmed.

SHERAN, C. J., took no part in the consideration or decision of this case.