The opinion of the court was delivered by
Horton, C. J.:
This action was commenced by plaintiff in error against defendant in error before a justice of the peace of Butler county, upon an alleged written contract dated in • January, 1880, setting forth that plaintiff was employed to teach a school for district No. 16 of Butler county, for the term of three months, commencing on April 12,1880, at $25 *130 per month, to be paid at the end of each month. Judgment was rendered for plaintiff by the justice of the peace, and the defendant appealed to the district court. Upon the trial in the district court a demurrer to the evidence was interposed by defendant; the court sustained the demurrer, and rendered judgment for the defendant. The plaintiff duly excepted, and brings the case here.
The question for our consideration is, whether the district board can bind the school district by a written contract of the character of the one sued on, without having a board meeting, at which all the members are present or have the opportunity of being.present. Section 56, ch. 92, p. 830, Comp. Laws of 1879, reads:
“ The district board in each district shall contract with and hire qualified teachers for and in the name of the district, which contract shall be in writing, and shall specify the wages per week or month, as agreed upon by the parties, and such' contract shall be filed in the district clerk's office; and, in conjunction with the county superintendent, may dismiss for incompetency, cruelty, negligence, or immorality.”
It is an elementary principle, that when several persons are authorized to do an act of a public nature, which requires deliberation, they all should be convened, because the advice and opinions of all may be useful, though all do not'unite in opinion. “It may be that all will not concur in the conclusion; but the information and counsel of each may well affect and modify the final judgment of the body.” (P. & F. R. Rly. Co. v. Comm’rs of Anderson Co., 16 Kas. 309.) We think, in view of the elementary principles applicable to the duty of a body like the district board, consisting of several persons authorized to do acts of a public nature, where the power to contract with the person seeking employment as a teacher is vested by the statute in the “ board,” that all must meet together, or be notified to meet together, or have the opportunity of meeting together, to consult over the employment of the teacher, before a contract can be legally entered into by them so as to bind the district. Certainly two members would have no right to exclude the third from consulting or acting *131 with them, and although it is not necessary that all of the members of the board should bq present at a board meeting, or that all of the members should concur in the making of the contract in order to bind the district, yet the contract should be agreed upon at a meeting of the board where all are present, or have the opportunity of being present. The reasons for requiring a board meeting for all action requiring deliberation and judgment are manifest and manifold. Many of the reasons are stated in Railway Co. v. Comm’rs, supra. The statute does not vest the powers of the district in three persons, but in a single board, called the district board. (Whitford v. Scott, 14 How. Pr. 402; Lee v. Parry, 4 Den. 125; Keeler v. Frost, 22 Barb. 400; Story v. Furman, 25 N. Y. 214.)
Counsel for plaintiff insists that even if a meeting of the board was necessary, the demurrer was improperly sustained, because it did not clearly and positively appear that no board meeting had been held regarding the alleged contract sued on. Of course, if the plaintiff had . been presented with a contract signed as the one in controversy by two of the members of the board, and such contract had afterward been filed in the district clerk’s office, we would hold that a board meeting would be presumed from such proceedings until the contrary appeared. Here, however, it seems to us a sufficient showing was made by the plaintiff himself of the absence of any meeting of the district board before any contract was made, and no evidence was offered or attempted to be offered showing any meeting of the district board after the date of the contract ratifying it. It appears from the evidence that A. Aikman was director, Martin A. Pratt clerk, and a Mr. Turner treasurer. The paper was signed on the 7th or 8 th of January. The plaintiff saw M. A. Pratt at his own house, and there obtained his signature. He then presented the paper on the same or next day to his father, A. Aikman, at his own house, and his father there signed it, neither the director nor clerk being together at the time. It is further in evidence, that the plaintiff did not present the contract to *132 Mr. Turner for his signature, and that he saw the clerk and his father, the director, separately in reference to such contract; that the paper was signed by the director and clerk in the absence of each other, and this was not done at any board meeting. Under these circumstances we can hardly see the necessity for the court to have submitted to the jury any question of fact about the contract having been signed at or after a.meeting of the district board. The action on the part of the clerk and the director seems to have been taken upon the personal application of the plaintiff fit) each of them individually, and separately from each other. Taking all the circumstances together, the evidence is of such a nature as to .preclude any fair inference that the officers-whose signatures are to the -paper sued on were acting under the direction of any power conferred by the district board or by any meeting of the board.
Counsel' refers us to that clause in the act concerning the construction of statutes, which reads: “Words giving a joint-authority to three or more public officers or other persons shall be construed as giving authority to a majority of them, unless it be otherwise expressed in the act giving the authority,” (Compiled Laws 1879, ch. 104, § 1, subdiv. 3;) and to School District v. Carson, 10 Kas. 238, and Brady v. Sweetland, 13 Kas. 41, as authority supporting the validity of the contract. We think these authorities only go to the extent that a meeting of the board will be presumed until the con - trary appears, whenever a majority of the board act, and if a meeting of the board is had-it is not necessary that all should be present, or if present should concur in order to bind the district. At a board meeting under said § 1, ch. 104, a majority of the board could have ordered or entered into the contract, notwithstanding the other member dissented.
The judgment of the district court will be affirmed.
All the Justices concurring.