Sullivan v. School District.

THEODRICK F. SULLIVAN *et al.* v. SCHOOL DISTRICT No. 39, OF BROWN COUNTY, *et al.*

1. SCHOOL HOUSE—*Void Contract to Build—Ratification.* A contract for building a school house, void because made by only one member of the school board, may afterward be ratified and made binding upon the school district by the full school board, or by the school district.

2. RATIFICATION, *Evidence Proves.* The evidence in the present case tended to prove such a contract and such a ratification. *Held*, Sufficient when attacked by a demurrer to the evidence.

*Error from Brown District Court.*

THE facts are stated in the opinion. Judgment for defendants, at the May term, 1886. The plaintiffs, *T. F. Sullivan & Co.*, bring the case here.

*Jas. Falloon*, for plaintiffs in error.

*W. D. Webb*, for defendant in error School District; *C. W. Johnson*, for defendant in error Monroe.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought in the district court of Brown county by Theodrick F. Sullivan and George W. Henry, partners as T. F. Sullivan & Co., against Hiram Eley, School District No. 39, Brown county, Henry Monroe, Mary Jane Monroe, Richard F. Shubert, William Shubert, and Herman Shubert, to recover a personal judgment against Eley for $469.35, and to foreclose a mechanics' lien upon certain real estate belonging to the school district. It was alleged in the plaintiffs' petition, and admitted in the school district's answer, that the school district was and is the owner of the property upon which it is claimed that the plaintiffs' mechanics' lien exists. The Monroes were the original owners of the property; Eley is the alleged contractor, the plaintiffs are alleged sub-contractors, and the other parties claim to have liens upon the above-mentioned real property. The case was

tried before the court and a jury. The plaintiffs introduced their evidence, and rested. The school district then demurred to the evidence upon the ground that it did not prove any cause of action against the school district. The court sustained the demurrer, and discharged the jury. The plaintiffs then moved for a new trial, upon various grounds, which motion was overruled, and the court then rendered judgment in favor of the school district and against the plaintiffs for costs; and to reverse this judgment, the plaintiffs, as plaintiffs in error, bring the case to this court.

It is admitted by the pleadings that the school district owns the property upon which the mechanics' lien is alleged to exist. Henry Monroe and Mary Jane Monroe his wife were prior owners of the property. The property was purchased by the school district for the purpose of building a new school house upon it, and such new school house was in fact built, and has ever since been occupied and used by the school district for school purposes. It was erected and nearly completed by the alleged contractor, Hiram Eley; but just before its completion he absconded from the state, leaving the building unfinished. The school district finished the building, and has since occupied it. The plaintiffs furnished building material to Eley while he was building the school house, to the value of $469.35, which building material was used in the construction of the building. They were not paid for such building material, and they filed a statement for a lien, etc. Everything seems to have been done, and sufficiently done, that was necessary to entitle the plaintiffs to their mechanics' lien, except that the original contract between Eley and the school district was not made in the manner prescribed by law. It seems to have been originally made between Eley and only one member of the school board, but there was evidence introduced tending to show that the contract was afterward ratified and confirmed, not only by the other members of the school board, but also by the entire school district; and whether it could in law be so ratified and confirmed, and so ratified and confirmed as to make it a valid and binding con-

tract upon the school district, and whether the evidence introduced upon the trial tended to prove any such ratification and confirmation, are the only questions now involved in the case.

It must be remembered that the case was disposed of in the court below merely upon a demurrer to the plaintiffs' evidence; hence the only real question for us now to consider is merely whether that portion of the evidence most favorable to the plaintiffs *tended* to prove the aforesaid ratification and confirmation or not, and not whether the whole of the evidence in the case *in fact* proved the plaintiffs' case or not. (*K. C. Ft. S. & G. Rld. Co. v. Foster,* ante, p. 329.) It is admitted that the original contract with Eley was, at the time it was made, void for the reason that it was not made by the entire school board, but only by a portion thereof. (*Aikman v. School District,* 27 Kas. 129; *Mincer v. School District,* 27 id. 253.) But it is claimed by the plaintiffs that the evidence introduced in the court below tended to show a ratification of the contract by the entire school board, and also by the entire school district. We think such a contract might

1. Void contract to build school house may be ratified.

be ratified and might be made binding upon the school district. (*Fisher v. School District,* 4 Cush. 494; *Keyser v. School District,* 35 N. H. 477; *Kimball v. School District,* 28 Vt. [2 Williams] 8; *Jordan v. School District,* 38 Me. 164; *Cory v. Somerset,* 45 N. J. Law, 445; same case, 2 Am. & Eng. Corp. Cases, 48, note, and cases there cited; *National Bank v. Albany,* 92 N. Y. 363; same case, 2 Am. & Eng. Corp. Cases, 61; *Read v. Plattsmouth,* 107 U. S. 568; same case, 2 Am. & Eng. Corp. Cases, 300; *Corwin v. Wallace,* 17 Iowa, 374; *Humphrey v. Mercantile Association,* 50 id. 607; *Cook v. Tullis,* 18 Wall. 332; *City of Conyers v. Kirk,* [Ga.] 3 S. E. Rep. 442; *Sherman v. Fitch,* 98 Mass. 59; *Pinches v. Lutheran Church,* 55 Conn. 183; *Brown v. City of Atchison,* ante, p. 37, and the numerous cases there cited. See also *Walworth County Bank v. Farmers' Loan and Trust Co.,* 16 Wis. 629; *Supervisors v. Schenck,* 5 Wall. 77.)

We think the evidence tended to prove that the contract was

ratified by the school board and also by the school district. Hence the court below erred in sustaining the demurrer to the evidence. We shall not discuss this evidence in detail, nor further than we have already discussed it, for the reason that at the present time we have only the evidence of the plaintiffs, and when the defendants' evidence shall be introduced hereafter — if any such shall be introduced — it may make a very different case. We might say, however, that almost everything seems to have been done irregularly in that school district. In some cases the director ignored both the other members of the school board, and generally the director and the treasurer ignored the clerk, and the clerk often failed to make entries. It seems that the school district and its officers permitted, and perhaps even authorized these irregularities, and hence the courts should not construe these irregularities, or these separate acts of the separate members of the school board, too critically. That a mechanics' lien may be obtained on a school house, has long ago been determined by this court. (*Wilson v. School District*, 17 Kas. 104; *School District v. Conrad*, 17 id. 522.)

*2. Evidence tends to prove ratification.*

The judgment of the court below will be reversed, and the cause remanded for a new trial.

All the Justices concurring.