50  727
d56  581

THE UNION SCHOOL FURNITURE COMPANY v. SCHOOL DISTRICT NO. 60, IN ELK COUNTY.

SCHOOL FURNITURE—*Purchase Ratified by District.* A school district which has received, retained and used for a long period of time school furniture bought for it by the members of the school district board, acting separately, without any board meeting, must be deemed to have ratified the purchase, and must pay for the property so obtained for its use.

*Error from Elk District Court.*

ACTION by the *Union School Furniture Company* against *School District No. 60,* Elk county, to recover the value of school furniture sold to defendant. There was judgment for defendant, and plaintiff brings error. The opinion states the facts.

*Douthitt & Ayres,* for plaintiff in error:

The school district and the school board both had the power and authority to purchase said school furniture. Gen. Stat. of 1889, ch. 92, §§ 28, 57; *Conklin v. School District,* 22 Kas. 521.

Where a *quasi* or municipal corporation has the power and authority to do a thing, the principle of estoppel applies to it as well as to private corporations and individuals. *Pendleton County v. Amy,* 13 Wall. 297; *Hitchcock v. Galveston,* 96 U. S. 341; *City of Leavenworth v. Laing,* 6 Kas. 274; *Sleeper v. Bullen,* 6 id. 300.

A corporation which has enjoyed the benefits of a contract cannot plead that it was *ultra vires* when no fraud is intended or has been committed. *Town Co. v. Morris,* 43 Kas. 282; cited and approved in *Town Co. v. Fletcher,* 46 id. 525. See, also, *Main v. Cassidy,* 7 Pac. Rep. 426.

Under the facts in this case, we believe that the contract of purchase of this school furniture was afterwards ratified by both the school district and its board, and that the district must therefore pay for the same. *City of St. Louis v. Armstrong,* 56 Mo. 298; *Dubuque. &c. College v. Township,* 13 Iowa, 555; Dill. Mun. Corp. (3d ed.), §§ 463, 464, and notes.

*J. A. McHenry,* for defendant in error:

Was the warrant sued on void? The plaintiff elected to rely on and sue on the warrant, and hence the question of *quantum meruit* cannot apply, and any finding of the trial court as to the value, etc., of the goods sold was entirely outside of the case. The court found that there was no authority of the school board or the district ever given for the issuing of the order or making the purchase of the goods. *Aikman v. School District,* 27 Kas. 129, and cases therein cited, fully sustain the judgment of the court below.

The opinion of the court was delivered by

ALLEN, J.: Various amendments were made to the plead-

ings in this action before trial. The petition, as finally amended and on which the action was tried, contains two counts. The first is on a school-district order, purporting to have been executed by the director and clerk of the defendant district, dated August 20, 1884, for $80. The second count alleges that the plaintiff sold and delivered to the defendant school furniture of the value of $80, on or about August 20, 1884, under a written contract signed by the officers of said defendant and the said plaintiff's agent. The cause was tried before the court without a jury. Special findings were made. The court finds that the director, clerk and treasurer of the defendant signed a written contract for the purchase of certain school desks and seats, for the total price of $80, but that no meeting of the school-district board was ever held at which said contract was authorized or ratified, and that such purchase was never authorized by the electors of the district. The court further finds that a school-district order in blank was signed by William Liebeau, as a matter of convenience to L. Weeden, as clerk of the district, for the purpose of enabling said Weeden to pay some small bills against the defendant, and after being thus signed in blank was by said Weeden filled up, executed and assigned to the plaintiff without any authority from said Liebeau. The court also finds that said school furniture was delivered to the defendant; that the defendant took possession of the same, and has had the use and benefit thereof ever since about the 20th day of August, 1884, and that such school furniture was at such time reasonably worth $80. The court finds as a conclusion of law that the defendant was entitled to recover costs. From this judgment the plaintiff appeals to this court.

No oral argument has been made in the case, and the only explanation of the grounds on which the defendant claims that the judgment of the court cannot be maintained must be gathered from his brief, the whole of which we quote, as follows:

"The only question in the case, under the pleadings, is: Was the warrant sued on void? The plaintiff elected to rely

on and sue on the warrant, and hence the question of *quantum meruit* cannot apply, and any finding of the trial court as to the value of the goods sold was entirely outside of the case. The court found that there was no authority of the school board or the district ever given for the issuing of the order or making the purchase of the goods. *Aikman v. School District*, 27 Kas. 129, and cases therein cited, fully sustain the judgment of the court below."

We think the second cause of action stated in the petition is amply sufficient to authorize a judgment to be entered for the value of the furniture, if the evidence warrants it. It states that the plaintiff sold and delivered to the defendant school furniture, for which the defendant agreed to pay $80; that the defendant received the furniture and has used the same. It is found by the court, and all the evidence in the case shows, that the defendant school district received the school furniture in August, 1884, and has held and used the same ever since the 20th of that month. We are utterly at a loss to understand how the defendant, having kept and used this furniture during all the time from that date to the time of the trial of this action, on the 8th day of February, 1890 — a period of nearly $5\frac{1}{2}$ years — can claim to be excused from making any payment therefor. It would seem from the pleadings and the record in the case that the court took the view that the written order set up in the petition, and also the written contract made by the board of directors with the agent of the plaintiff for the furniture, were void because unauthorized. It may be conceded for the purposes of this case that both these written instruments were void, and that no action could be maintained on either or both of them; yet the defendant district, having received and retained the property, which the court finds to have been fairly worth the price stated in the written contract, is bound in common honesty to pay for it. During all the time this furniture has been in the possession of the defendant district it is fair to presume that the schoolhouse which was furnished with the seats and desks purchased from the plaintiff was used in the same manner as schoolhouses are ordinarily used.

It is fair to presume that school-district meetings were therein held annually at the time appointed by law. It is fair to presume that the school district board met there, and caused the seats to be placed in the building and to be used by the district. The board and the residents of the school district must all have known of the use of this property, and their continued retention and use of it shows a perfect and complete ratification of the purchase made by the district officers. In the case of *Sullivan v. School District,* 39 Kas. 347, it was held that a contract for the construction of a schoolhouse made by one member of the school-district board alone, on behalf of the district, might be ratified and made binding on the whole school district. This case came again before this court, and is reported in 48 Kas. 624, and the court then held that—

"A contract for building a schoolhouse, void because made only by one member of the school board, may be ratified and made binding by the action of the school district in completing the building left unfinished by an absconding contractor; by furnishing the same with seats, desks, and other necessary schoolhouse furniture; by occupying the same for school purposes, and by insuring the same."

This case but enunciates the broad doctrine, supported by very numerous authorities, which we do not deem it necessary to cite, and is founded in reason and justice.

The judgment will be reversed, with an order to the district court of Elk county to enter judgment on the findings of fact in favor of the plaintiff against the defendant for $80, with 7 per cent. interest per annum from the 20th day of August, 1884, to the date of judgment.

All the Justices concurring.