[No. 1723.]

SCHOOL DISTRICT No. 25 OF JEFFERSON COUNTY v. STONE.

1. PUBLIC SCHOOLS—TEACHERS' CERTIFICATES—CONTRACTS.
The only condition precedent to the employment of a teacher in the public schools as fixed by the statutes is that such teacher shall have a certificate from the county superintendent of schools in full force at the date of employment.

2. SAME—EXAMINATIONS.
While the statute makes it the duty of the county superintendent of public schools to examine applicants for certificates to teach, upon

questions formulated by the state superintendent, a certificate issued without such examination is not for that reason void, and the fact that a certificate was issued without an examination cannot be pleaded in defense of an action by a teacher for wages.

3. PUBLIC SCHOOLS—TEACHERS' CERTIFICATES—PRACTICE.

In an action by a teacher for wages under a contract, a teacher's certificate from a county superintendent cannot be collaterally attacked except for fraud.

4. SAME.

In an action by a teacher for wages, an allegation in the answer that the teacher did not have a first-class certificate stated no defense. If the plaintiff holds a certificate of qualification to teach, a contract of employment is valid. The class of the certificate is immaterial.

5. PUBLIC SCHOOLS—DISMISSAL OF TEACHER—SUIT FOR WAGES.

In an action by a teacher for wages under a contract to teach in the public schools an answer to the effect, that shortly after plaintiff's employment the board of directors was advised of her incompetency and incapacity to teach and determined to discharge her but fearing to do her any injustice, sent for the county superintendent of schools, who upon careful examination concurred with the board that she was incompetent and incapable, and that thereupon the board in the exercise of its best judgment and discretion dispensed with the services of plaintiff, states no defense and was properly stricken out.

6. PUBLIC SCHOOLS—SCHOOL BOARD—CONTRACTS.

Under the statute authorizing the school board to employ teachers, it is not necessary to the validity of a contract with a teacher that it be made at a formal meeting of the board. A contract agreed to by the several members of the board and executed and signed by them is binding, although not done at a regularly convened meeting of the board.

7. SAME—RATIFICATION.

Where a school board entered into a contract with a teacher and for ten weeks accepted her services and paid her wages, it was a ratification of the contract and the board was estopped from asserting the invalidity of the contract.

8. PUBLIC SCHOOLS—SCHOOL BOARD—CONTRACT.

A contract with a teacher to teach in the public schools signed by two of the three members of the school board is valid without the signature of the third member, as the majority of the board have power to contract.

9. PRACTICE—PLEADING—STATUTORY CONSTRUCTION.

Section 432 of the code, providing that if an application for an order made to a judge of a court in which the action or proceeding is pending be refused, no subsequent application for the same order shall be made to any other judge, has no application where a mo-

tion was made to strike out certain clauses of an answer and denied, and afterwards a motion was made before another judge to strike out the same clauses as amended. The provisions of the code apply only to applications to judges, while the motions striking at the pleadings are applications to the court.

*Appeal from the District Court of Arapahoe County.*

Mr. HENRY B. O'REILLY, for appellant.

Mr. GEORGE N. HURD and Mr. D. J. DAVIES, for appellee.

WILSON, J.

The plaintiff sets forth in her amended complaint that she was duly authorized to teach school in the county of Jefferson, under and by virtue of a license or certificate issued to her by the county superintendent of schools of said county. That about September 10, 1894, she entered into a contract in writing with the defendant school district, whereby she was employed and agreed to teach the school in said district for the term of seven months, commencing on the 10th day of September following. That by virtue of said agreement, she entered upon her employment on the day stipulated, and continued to discharge her duties as teacher until about the 30th day of November following, when the defendants, without any reasonable cause, and without the preferment of any charges, and without a hearing, discharged her and dismissed her from her position, and refused to employ her for the remainder of said term. She prayed judgment for the amount of her salary for the remainder of said term in accordance with the contract. The certificate to teach, which was one of the second grade, signed by the superintendent of schools of Jefferson county, was set forth in the complaint and also the contract which appears to have been signed by two members of the board of directors of the school district,—the president and secretary. The answer denied plaintiff was ever duly or lawfully authorized to teach school in Jefferson county ; denied that the district entered into any agreement with her to teach school as averred, but admitted the signing of the contract by its president and sec-

retary, and denied that plaintiff was discharged without reasonable cause, or without the preferment of any charges against her or without a hearing. For a further answer, the defendant alleged that the examination referred to in her certificate was had and taken in Arapahoe county by the superintendent of schools of that county, and not by the superintendent of Jefferson county; and alleged that the contract of employment was not executed or agreed upon at any adjourned or special meeting of the board of directors. The following clauses in defendant's answer were stricken out upon motion of plaintiff, and upon this defendant predicates error:

"5. That plaintiff was never examined as to her capabilities or qualifications as a teacher in any of the departments of learning prescribed by statute at the county seat of Jefferson county, or elsewhere in said county, at any regular quarterly examination, or at any special examination, by the or any superintendent of schools of said county, or by any deputy of such superintendent as by law required, or at all.

"6. That she never held a first-class certificate issued by the or any superintendent of schools of any county in Colorado or other authority."

"8. That the certificate on which she relies herein was issued by mistake and through misapprehension of the law regulating and controlling the issuance of such certificates."

"10. That shortly after plaintiff's employment as aforesaid, defendant was advised of her incompetency and incapacity to teach the school of said district and determined to discharge her, but, fearing to do her any injustice, sent for the county superintendent of schools, who upon careful and conscientious examination concurred with the board of defendant in its determination that she was so incompetent and incapable, and that thereupon the board of defendant in the exercise of its best judgment and discretion dispensed with the services of plaintiff."

Judgment was for plaintiff, and defendant appeals.

The court did not err in striking out the clauses in the answer which we have quoted. The only condition precedent to the employment of a teacher in the public schools, as

fixed by the statutes, is that she shall have a certificate from the county superintendent of schools of the county in full force at the date of the employment. Laws, 1887, p. 396, sec. 26.

It is true that in enumerating the duties of a county superintendent of schools, the statute requires certain examinations by him of applicants for license to teach, upon questions formulated by the state superintendent of schools, but it nowhere provides that a certificate issued without the personal appearance of an applicant at the time fixed by law for the regular examinations shall render a certificate issued to such applicant, and regular upon its face, void.

It is not necessary to discuss the effect upon this certificate, or upon the contract in question, of the fact alleged by defendant, and not denied by plaintiff, that the examination referred to in her certificate was had and taken by the superintendent of schools of Arapahoe county, and not by the superintendent of Jefferson county. The certificate was regular and valid upon its face, and this was all that was required under the law to authorize the defendant to enter into a contract with the plaintiff. Both the certificate and contract were valid and binding upon all parties until the former was annulled or revoked in the proper manner, and in some proper proceeding. The law does not require the certificate to be in any special form, nor to contain a statement that the applicant has passed an examination before him at the time fixed for the regular quarterly examinations, or at any time. It simply provides, that, if satisfied of the competency to teach and of the good moral character of the applicant, he shall give a certificate. Laws, 1887, p. 381, sec. 4.

The want of an examination cannot be pleaded as a defense in this action. In the absence of fraud, which is nowhere alleged here, a certificate to teach is not subject to collateral attack; it is in the nature of a commission, and is subject to the same rules of law in that respect. *School District v. Sterricker*, 86 Ill. 596; *State v. Grosvenor*, 19 Neb. 495.

The court did not err in striking out the fifth and eighth clauses of the answer, for reasons which we have given. The striking out of the sixth clause was proper, because it is

immaterial and had no relevancy to the matter in controversy. The plaintiff held a certificate, which qualified her to teach in the public schools and authorized her employment by the defendant.

The tenth clause was also properly stricken out. The incompetency and incapacity of the plaintiff, referred to in this clause, was, it was very evident from its connection with other portions of the answer, that arising solely from the alleged fact that she had not appeared before the superintendent of that county and taken the proper examination; in other words, that her certificate was irregularly issued, and we have already held that this could not be a defense. Even, however, if it be claimed that it was attempted to be alleged that the plaintiff was unfit and incompetent to discharge the duties of the position, and that hence she was discharged by the board, the allegation is not sufficient under the provisions of the law as construed by our supreme court. *School District v. McComb*, 18 Colo. 240.

The defendant insists very strongly that it had no power under the law to enter into a contract of employment with a teacher, except at a regularly convened meeting of the board; and, this not being the case here, the contract in question was void, and the plaintiff cannot recover. The facts in the case appear to be that the plaintiff solicited each member of the board, personally, for employment as a teacher, and each personally consented to her employment. Thereafter, the president of the board of directors wrote to the secretary, that, in his opinion, they had better accept the services of plaintiff. Thereupon the contract was drawn and presented to and signed by the president and secretary. None of these things were done at a regularly convened meeting of the board, although the contract recites that such was the case.

The secretary of the school board, who testified as a witness in the case, stated that she had been a member of the board in this district for twenty years, and that the method of employment of the teacher pursued in this case had been universally pursued; that never in her experience had there been a meeting of the board for the purpose of acting upon

any teacher's application, or for making a contract with them. Among the powers of school boards enumerated in the statutes is that "to employ or discharge teachers." There is no requirement, either directly or indirectly, that this shall be done only at a meeting of the board, regular or special; nor that the board shall transact official business only at a general or special meeting of the board regularly convened. This was the case in the only authority cited by defendant in support of its possession on this point. *School Directors v. Jennings*, 10 Ill. App. 643. In that the court quoted the statute, and its express provision was that no official business should be transacted by the board, except at a regular or special meeting. It is, therefore, wholly inapplicable to the case at bar. We are of opinion that it was not necessary that the three directors should formally meet together and pass a resolution authorizing and confirming the contract which they had individually agreed to. Their action in paying the salary of the teacher, and recognizing her as such for more than two months, was a sufficient recognition and approval of the contract. In any event, their acts were a complete ratification of the contract, and were sufficient to estop them from asserting its invalidity in this proceeding. *Adkins v. Mitchell*, 67 Ill. 511; *Athearn v. Independent School District*, 33 Ia. 106; *Crane v. School District*, 61 Mich. 299.

The case last cited is very similar to the one at bar, and the following extract from the opinion of the court expresses, we think, the correct rule, and meets with our unqualified approval.

"School district officers cannot be permitted by the law to enter into a written contract with a teacher, none of them denying its validity for ten weeks, or half the term, but recognizing it by making payments upon it, in which payments all join, and then, after the teacher in the utmost good faith and reliance upon the contract has taught that length of time, discharge him without cause, and plead in bar of his payment under the contract that they never met and consulted, nor took corporate action in hiring him, or made any record in a book of the execution of the contract."

The failure of the third director, from whatever cause it may have happened, to sign this contract, does not vitiate it. It was not necessary to its validity that it should be signed by every member of the board. A majority had the power to enter into contracts of employment with a teacher, and the third member could not prevent the consummation of their action by refusing to sign. Such a doctrine would be unreasonable, and would tend to defeat all action by the board for the purposes for which it was created.

It seems that when the original complaint and answer were filed in this case, a motion to strike certain clauses of the answer was made and overruled by a judge then presiding. Subsequently, an amended complaint and answer were filed, both differing in some respects from the original complaint and answer. The hearing of the motion to strike certain parts of the amended answer, to which we have referred above, was had before and sustained by a different judge from the one who heard the motion to strike from the original answer. The defendant claims that the same legal questions were involved in both motions to strike, and that the decision of the judge who passed upon the motion to strike from the original answer having settled the law of the case, it was error in the succeeding judge to entertain or sustain the motion to strike. He insists that such action was obnoxious to code sections 432 and 433. It would not seem that these sections have any reference at all to motions aimed at the pleadings in a cause. Their provisions are confined to applications to judges. Motions striking at the pleadings are addressed to and are applications to the court. Even, however, if they do apply in the latter case, the rule there laid down cannot be invoked here for the reason that the motions entertained in this case were to different pleadings, one being to the original answer, and the other to a substituted or amended answer, and however much counsel may contend that the same principles were involved in both answers, yet the answers were not in the same phraseology, and they involved other matters in addition to those to which defendant alludes.

Finally, even if the judge did err in striking out certain

clauses of the answer, and allowing new testimony to be offered in support of the allegations set forth in the portions so stricken out, it would not be reversible error. Counsel will readily see from the views which we have expressed, that if these clauses had remained in the answer, and the allegations had been supported by proper proof, it would not have availed the district as a defense in this action.

The plaintiff was entitled to recover, and the judgment will be affirmed.

*Affirmed.*