[No. 2500.   July 20, 1921.]

## TADLOCK v. SCHOOL DIST. NO. 29 OF GUADALUPE COUNTY et al.

### SYLLABUS BY THE COURT.

1.   That part of section 4956, Code 1915, concerning the payment of teachers by the order of school directors, signed by the county school superintendent, is inconsistent with chapter 105, section 5, Laws 1917, and the system outlined therein, and consequently was repealed.          P. 251

2.   The power to hire a school-teacher presupposes the right to dismiss her.          P. 255

3.   The control of rural schools is vested in the county board of education, and not in the board of school directors.          P. 255

4.   In the absence of statutory provisions, there exists in the employing agency an implied right to dismiss a teacher for adequate cause.  In rural schools this implied right vests in the board of school directors and county board of education jointly.          P. 256

Appeal from District Court, Guadalupe County, Leahy, Judge.

Action by Jewel Tadlock, a minor, by next friend, S. B. Tadlock, against School District No. 29 of Guadalupe County, N. Mex., and another.   From a judgment for plaintiff, defendants appeal.   Reversed and remanded, with directions.

F. Faircloth, of Santa Rosa, for appellants.

W. T. Brothers, of Santa Rosa, for appellee.

### OPINION OF THE COURT.

PARKER, J.   Jewel Tadlock, appellee, by her next friend, brought this action in the district court for Guadalupe county, against school district No. 29 of Guadalupe county and Placido Baca y Baca,

county school superintendent, to recover $130, alleged to be due as salary as a school-teacher, plus $1,000, exemplary damages. The cause was referred to a referee, and submitted to the court for final judgment. From a judgment for $130 and costs in favor of appellee, the appellants have prosecuted this appeal.

On August 10, 1918, the school district and the appellee entered into a written contract, by the terms of which the appellee was employed to teach school in said district for a term of seven months, beginning September 2, 1918, at the rate of $65 per month. The contract was approved by the county board of education of Guadalupe county, and the appellee performed service under the contract until January 24, 1919, when, according to the allegations of the complaint, she was dismissed without cause by the board of directors of the school district.

While the evidence is conflicting as to whether the school district or the appellee breached the contract of employment, and while this court is as advantageously circumstanced to determine the truth of that matter by weighing the evidence as was the trial court—the trial court not having seen the witnesses, but having rendered judgment upon the transcript of evidence taken before the referee—yet it will be unnecessary to consider the weight of the evidence.

The complaint omits the Guadalupe county board of education as a party defendant, and it is contended by the appellants, among other things, that the trial court erred in refusing to hold that such board was a necessary party.

[1] This case requires a statement of the statutory law on the subject of rural schools and some general legal principles concerning schools and teachers generally. Prior to 1917 the local school district administration system was in force in this

state. Under that system each local school district was an independent unit for administrative purposes, governed by a board of three members called the board of school directors. Certain supervisory powers over such boards and schools was vested in the state board of education, the state superintendent of public instruction, and county school superintendents. By chapter 105, Laws 1917, the so-called "county unit" plan of rural school control and administration was adopted. Under that system the Legislature centralized the administration of rural school affairs in a board of five members called the county board of education. The bulk of powers theretofore vested in boards of school directors was reposed by that act in such county boards, leaving to boards of school directors such minor powers as the employment of teachers, "with the approval of the county board of education," the "care and keeping" of school houses and property therein, subject to such uses thereof as the county board might ordain, the taking of the school census, school director elections, local school bond elections, display of the flag, etc. County boards were created "for the purpose of centralizing control over rural schools and more economically administering the funds thereof." Section 1, c. 105, Laws 1917.

Section 5 of the act provided:

"The said board shall have full power and control over all rural schools and districts and the funds thereof, including high schools in rural districts and the funds thereof, except as such power is now conferred upon the state board of education and the state superintendent of public instruction. Said boards shall, also, have power to contract for and purchase all sites, buildings, equipment or other property for schools. All rural school moneys in the respective county treasuries and all such money credited * * * to such schools shall be expended and disbursed upon warrant of the county board of education only, signed by the president thereof and countersigned by the secretary thereof, and no contract or expenditure of said funds or any part thereof hereafter made, except in the manner herein specified, shall be valid. * * * Teachers shall be employed by the board of

school directors with the approval of the county board of education."

Section 6 vests the title of all rural school property in the county board of education. Section 8 provides:

"County boards of education  *  *  *  shall have power and be required to provide, by building, purchasing, or leasing, suitable schoolhouses; to keep same in repair, to provide for fuel and light, for the payment of teachers' wages as well as other employees,  *  *  *; to provide for the payment of interest on school bonds and the redemption thereof, and to defray all other expenses connected with the proper conduct of the public schools in their respective districts."

Section 9 authorizes county boards to constitute the local boards of school directors their agents in executing the ministerial powers conferred upon the county boards, such agency to be in writing and revocable at the pleasure of the county boards.

Section 11 vests in the county school superintendent jurisdiction over rural schools; requires him to make visits to such schools and supervise the methods of instruction employed and consult with the school directors "concerning the improvement of their schools."

Section 14 makes the local boards of school directors bodies corporate, with power to sue and be sued and contract and be contracted with. Section 16 places the "care and keeping" of the rural schoolhouses and property therein in the hands of the school directors, subject to the limitation heretofore expressed.

Section 4956, Code 1915, enacted in 1891, and not specifically repealed by the act of 1917, provides:

"Every person employed to teach a school shall keep a proper record, and at the end of each term, make a report to the county superintendent, showing the whole number of pupils that have attended  *  *  *  and for failure to make such report, he may be fined.  *  *  *  No person shall be paid any money for teaching any school outside of incorpor-

ated cities, towns and villages, until an order is presented, signed by two of the school directors or the proper district and indorsed by the county superintendent."

. The last clause of this section is relied upon by the appellee as authority for the proposition that it was unnecessary to make the county board of education a party defendant; the contract of employment having been made by the school directors, and the payment of the salary sued for being permitted by the last clause of the last-mentioned section.

Section 5 of the act of 1917 which requires that rural school money shall be paid "only" upon the warrants of the county board of education, signed by the president and countersigned by the secretary, is wholly inconsistent with the plan theretofore existing by which school moneys in rural districts was expended by the school directors. Under section 5 teachers' salaries can be paid only upon the warrants of the county board of education, and consequently the last clause of section 4956, Code 1915, was repealed. That the Legislature determined to carry forward the new system of school expenditures in all its parts is indicated also by the fact that it repealed specifically section 4851, Code 1915, which provided for matters concerning the vouchers and warrants for the payment of rural school moneys by local school directors. The judgment in the case at bar would cause the payment of the appellee's salary as school-teacher to be made contrary to the act of 1917, and in a manner wholly antagonistic to that specified in that law. As rural school money, and particularly teachers' salaries, can be disbursed under the law only by the county board of education, and as this action was an attempt to compel payment of a teacher's salary, though the action was grounded on a contract, the board of education of the county was an indispensable party defendant, for the district court would obtain no jurisdiction to compel the payment of the salary from the school

funds in the hands of such board, except where such board was made a party defendant. From the statement of general principles hereinafter mentioned, it will also be seen that the county board was an indispensable party defendant for other reasons.

[2] Under our law, as we have shown above, the teachers in rural schools are employed by the local board of school directors, with the approval of the county board of education. It is settled that the power to hire a teacher presupposes the right to dismiss her. 24 R. C. L. "Schools," § 75. "Where one agency is given power to employ, with the approval of another agency; the right of dismissal is joint, and can be accomplished legally only by the concurrent act of both agencies." People ex rel. Gilmore v. Hyde, 89 N. Y. 11. The conferring of general power over rural schools in the county board and the county school superintendent did not authorize either to dismiss a teacher, because that power flows from the right to employ, and employment is effected by the school directors, with the approval of the county board. Consequently the right to discharge or dismiss a teacher in a rural school of this state is vested in the local school directors and the county board of education jointly. The evidence in this case indicates that the local school directors usurped the power of dismissal of the appellee. In fact the evidence indicates a general misconception by the local directors of their powers.

[3] The control of rural schools is vested in the county board of education, not in the local board of school directors. School directors have no power to close a school. That power vests in the county board of education. The complaint alleges a breach of contract on the part of the school directors, but makes no mention whatever of any action on the part of the county board, which could be held to constitute a breach of the contract of employment.

[4]    To avoid any misunderstanding it should be stated that the statutes of this state are silent as to the right generally to dismiss teachers of rural schools.    The law provides for qualifications of school-teachers, but makes no provision for dismissal after employment, except in the single instance where complaint is made after the teacher is afflicted with tuberculosis.    Section 4953, Code 1915.    Many states have statutes providing that teachers may be dismissed for adequate cause.    The general rule, however, in the absence of a statute on the subject, is that there exists in the employing agency an implied ' power to' dismiss the teacher for adequate cause.    Freeman v. Town of Bourne, 170 Mass. 289, 49 N. E. 435, 39 L. R. A. 510.    In this state such implied power exists jointly in the school directors and the county·board of education so far as rural school-teachers are concerned.

Because the complaint fails to state a cause of action and for the error of the court in refusing to require the county board of education to be made a party defendant, the judgment of the trial court will be reversed, and the cause remanded for such further proceedings as are not inconsistent with this opinion; and, it is so ordered.

ROBERTS, C. J., and RAYNOLDS, J., concur.