No. 31,426

J. WARREN DUNFIELD, *Appellant,* v. SCHOOL DISTRICT No. 72 IN COFFEY COUNTY, *Appellee.*

(28 P. 2d 987.)

Opinion filed January 27, 1934.

*Owen S. Samuel,* of Emporia, for the appellant.
*Joe Rolston, Jr.,* of Burlington, for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was an action by a school teacher to recover salary under an alleged written contract of employment.

In his petition plaintiff alleged his qualifications as a teacher; that on April 9, 1932, at a regular meeting of the school district board held at the office of the county superintendent of Coffey county, a contract, in writing, was entered into whereby plaintiff was employed as a teacher for a period of eight months commencing September 5, 1932, and ending with the school year in 1933, at a

salary of $72.50 per month; that on September 5, 1932, plaintiff presented himself at the schoolhouse of the district prepared to teach the school and was informed that he would not be permitted to do so and that the contract was not recognized. Plaintiff claimed damages by reason of the breach of the alleged contract covering his salary at the rate of $72.50 per month with interest at 6 per cent upon each monthly payment as it became due.

The defendant's answer admitted the plaintiff's qualifications as a teacher, but denied execution of the contract and that it ever hired plaintiff as a teacher for school district No. 72 in Coffey county.

Evidence was introduced showing that there had been some discussion of the employment of a teacher at meetings of the district board held within the district, but nothing was concluded therein. Plaintiff and two members of the board went to see the third member in regard to hiring plaintiff, but on a question being raised as to the regularity of the school meeting, all of the parties went to the county seat and consulted the county superintendent and the county attorney. Following such consultation a meeting was held in the halls of the courthouse and a teacher agreed on, and thereafter contract blanks were procured from the county superintendent and filled out and signed by the plaintiff and two members of the board. Although appellant argues there was an oral agreement made by the plaintiff and the two members of the board, if so, it was before the meeting with the third member, and prior to the time when they all went to the county seat to see the county superintendent.

At the close of plaintiff's evidence defendant interposed a demurrer, which was overruled. At the conclusion of the trial the jury rendered a general verdict for the plaintiff and answered special questions submitted. The defendant filed proper motions therefor, and the court on hearing found that certain of the answers to special questions should be set aside; that defendant's demurrer should have been sustained; that the verdict of the jury should be set aside for the reason that there was no competent legal evidence to support it, and that the verdict was contrary to the evidence; that plaintiff is bound by the allegations of his petition; that the contract sued on was made outside the geographical limits of the school district and was void and unenforceable. Defendant was permitted to withdraw its motion for a new trial and judgment was rendered in its favor.

Appellant contends that a verbal contract was made in the district and reduced to writing at the county seat, and that the board had

power to contract outside the geographical limits of the district. Although there is contention about the oral contract, it clearly appears from the testimony that if any oral agreement was made between plaintiff and two members of the board, it was before the meeting with the third member, and when they came to his home, and as soon as the question of regularity of the school meeting and of their power to act was raised, the plaintiff and the members of the board, without agreeing on plaintiff's employment or anything else so far as the record shows, went to the county seat and had the meeting as above mentioned. The only evidence of an oral contract is that, prior to the meeting with the third member, plaintiff and two members of the board agreed upon plaintiff's employment. At the time there was no meeting of the board and no notice to the third member, and a binding contract could not be made (*Aikman v. School District*, 27 Kan. 129), even if it had been reduced to writing as required by statute (R. S. 72-1026). Had there been an oral contract, otherwise binding, that is not the contract plaintiff sued on. He declared on a written contract, and recovery could not be had on proof of a verbal contract (13 C. J. 753), especially where the statute prescribes that the contract must be in writing.

It was the contention of the appellee in the trial court that the contract was void by reason of the fact the board has no power to act outside its territorial limits, unless such power is specifically conferred by statute. Appellant contended that the contract was valid because there is no requirement of law that it must be entered into within the limits of the district. In 56 C. J. 336, the rule is stated:

"In the absence of a statute permitting it, a meeting cannot validly be held outside the geographical limits of the district for which the board acts."

It has been held by this court that a justice of the peace must exercise his jurisdiction within the territorial limits of that jurisdiction. (*Phillips v. Thralls*, 26 Kan. 780.) In the case of *Morrell v. Ingle*, 23 Kan. 32, it was said:

". . . the powers of any officer are limited to the territory of which he is an officer. He who affirms the existence of powers beyond such limits must show a grant of such powers. It is not enough to show that there is no express denial of them." (p. 36.)

Likewise, it was held in the case of *Comm'rs of Marion Co. v. Barker*, 25 Kan. 258:

"The commissioners are officers of the county and in the absence of express provision their powers do not go beyond the territorial limits of their county." (p. 260.)

' The rule was applied as to county commissioners in *State v. Scott Co.*, 58 Kan. 491, 49 Pac. 663:

"County commissioners are officers of the county and they cannot convene as a board, or exercise the powers conferred upon the board, outside the territorial limits of the county. Indeed, the order authorizing the compromise of the debt and the issue of refunding bonds could only be made when the commissioners were convened as a board in the courthouse at Scott City. It follows that the board had no jurisdiction to transact county business at Topeka; and the action there taken was clearly irregular and invalid." (p. 495.)

The latest statement of the rule is in *Markham v. Cornell,* 136 Kan. 884, 18 P. 2d 158, the first paragraph of the syllabus reciting:

"Ordinarily an officer who holds an office for a particular political subdivision is powerless to perform an official act when beyond the territorial limits of the political subdivision for which he was elected."

See, also, 19 R. C. L. 885 and 33 L. R. A. 86 with note.

If the powers of the governing bodies of municipal corporations are classified, boards of common-school districts will be in the lowest classification. They have no powers except such as are expressly granted or necessarily implied, and all persons who deal with them are presumed to have knowledge of their powers and the manner in which they may or must be exercised. (56 C. J. 331.) . In the absence of a statute permitting it, a meeting cannot be held outside the geographical limits of the district for which the board acts. (56 C. J. 336.)

There being no statute authorizing the meeting of the board at the county seat and outside the geographical limits of the district, its action at such meeting was invalid and the contract was a nullity.

The judgment of the lower court is affirmed.

HUTCHISON, J., not sitting.