116 P.2d 690

## LANDERS v. BOARD OF EDUCATION OF TOWN OF HOT SPRINGS.

### No. 4580.

Supreme Court of New Mexico.

Aug. 13, 1941.

Rehearing Denied Sept. 15, 1941.

SADLER, Justice.

The plaintiff (appellant) sued defendant board of education for breach of an alleged contract with her under which she was to serve as principal of the high school at the town of Hot Springs for the four-year period beginning September 1, 1937, and ending June 30, 1941, at an annual salary of $2,000. After trial, the court rendered judgment for the defendant and the plaintiff appeals.

The defendant board met in regular session on April 13, 1937, with all members present. During the formal session of the board, the matter of plaintiff's employment was not discussed. Following adjournment of the meeting, however, and after two of the members had departed, the contract here involved was prepared by plaintiff's former husband (the retiring superintendent of schools at Hot Springs) and the blanks for the term and salary to be paid filled in by him. He then presented the contract to the three remaining members of the school board who signed the same in the name and on behalf of said board.

These recitations of fact conform to the court's findings touching the matters mentioned. Certain other findings follow:

"V. The Court further finds that the plaintiff in this case, after having the contract signed by three of its members, who the Court finds, were not in regular session, proceeded to get the signatures of the remaining two members two or three days after said so-called meeting.

Charles H. Fowler, of Socorro, for appellant.

E. L. Medler and Ove E. Overson, both of Hot Springs, for appellee.

"VI. The Court further finds that the plaintiff accepted employment under and by virtue of said contract during the month of September, 1937, and performed her duties up and until the end of said school term.

\*    \*    \*    \*    \*    \*

"VIII. The Court further finds that the plaintiff is duly qualified under the laws of the State of New Mexico to teach school in said State.

"The Court further finds that the school authorities and the Board of Directors refused to allow the said plaintiff to further teach school and that the Superintendent so advised her that her services had terminated.

"IX. The Court further finds that no charges were filed against said plaintiff as provided by law, nor that she was given a hearing."

The court concluded on these findings that the contract was invalid, saying: "That said contract entered into by and between the three members of the Board and the plaintiff was not binding upon said municipality and that the plaintiff is not entitled to compensation or damages by and under the terms of said contract, in that the contract was handed to her after an adjourned meeting by the remaining members."

We are asked to determine the validity of this contract as finally executed. It had none. The power to employ and discharge teachers for municipal schools is reposed in municipal boards of education. N.M.S.A.1938 Supp., §§ 120-906 and 120-804. And where a duty is intrusted to a board composed of different individuals, the board can act officially only as such, in convened session, with all the members or a quorum thereof present. The informal, separate and individual action of a majority of the board, or even of its entire personnel, will not suffice to bind it. 24 R.C.L. 615, § 72, "Schools"; 56 C.J. 389, § 316, "Schools"; Case note: "Employment of teacher by school board without formal meeting", L.R.A.1915F, 1047; State v. Kelly, 27 N.M. 412, 202 P. 524, 21 A.L.R. 156; Aikman v. School District No. 16, 27 Kan. 129; Dunfield v. School District No. 72, 138 Kan. 800, 28 P.2d 987; Board of Education v. Watts, 19 Ala.App. 7, 95 So. 498, certiorari denied Ex parte Watts, 209 Ala. 115, 95 So. 502; School District No. 39 v. Shelton, 26 Okl. 229, 109 P. 67, 138 Am.St.Rep. 962; City of Tulsa v. Melton, 175 Okl. 581, 54 P.2d 159; Cloverdale Union High School Dist. v. Peters, 88 Cal.App. 731, 264 P. 273; Barnhardt v. Gray, 15 Cal.App.2d 307, 59 P.2d 454; Crawford v. Board of Education, 215 Ill. App. 198; Shortal v. School Directors of District No. 27, 255 Ill.App. 89; Harris v. Joint School District No. 6, 202 Wis. 519, 233 N.W. 97.

The author of the annotation in L.R.A.1915F, 1047, begins his review of the cases with a declaration which we think fairly represents the state of the law on the subject. The declaration follows:

"It is an elementary principle that, when several persons are authorized to perform

a public service, or to do an act of a public nature, as an organized body, which requires deliberation, they should be convened in a body, that they may have the counsel and advice of every member, although they are not all of the same opinion as to the matter in hand. Accordingly, the great weight of authority is to the effect that, in order for a school board to bind the district in the employment of teachers, it is necessary that the members of the board act as a board, and that to do so it is imperative that all meet together, or at least be notified of such meeting, and have an opportunity to meet together, to consult over the employment of such teachers."

In State v. Kelly, supra [27 N.M. 412, 202 P. 532, 21 A.L.R. 156], we accepted as a matter of course counsel's argument that such is the true rule. We said: "It is argued, and correctly, that, where a duty is intrusted to a board composed of different individuals, that board can act officially only as such, in convened session, with the members, or a quorum thereof present."

The same view is expressed in Williams v. Board of Commissioners, 28 Mont. 360, 72 P. 755, 756, where the court said: "To bind the county by its contracts, it must act as an entity, and within the scope of its authority. Its members may not discharge its important governmental functions by casual sittings on drygoods boxes, or by accidental meetings on the public streets; and its chairman, unless lawfully authorized by the board to do some act, or acts, has no more power than has any other member of the board. The statutes do not vest the power of the county in three commissioners acting individually, but in them as a single board; and the board can act only when legally convened."

Some of the cases we have cited, it is true, involve statutes requiring official business to be transacted at formal sessions of the board or denying the right to transact it otherwise. They merely declare the general rule of decision obtaining in the absence of statutory direction. The reason for the rule is well supported by considerations of sound public policy. "All the benefit, in short, which can flow from the mutual consultation, the experience and knowledge, the wisdom and judgment of each and all the members, is endangered by any other rule." Paola & Fall River Railway Co. v. Commissioners of Anderson County, 16 Kan. 302.

We conclude that the so-called four-year contract, attempted to be entered into between the plaintiff and the five members of the board, acting individually, does not bind the defendant school district as a contract valid when executed. The trial court was correct in so holding. If then, the plaintiff is to prevail, it must be on the theory of ratification, next to be considered.

The mere fact that all members of the board, as individuals, had signed the contract, does not estop the defendant board from asserting its invalidity while it is ex-

ecutory. 56 C.J. 394, § 323, note 46, "Schools"; Martin v. Common School Dist. No. 3, 163 Minn. 427, 204 N.W. 320; Bankston v. Tangipahoa Parish School Board, La.App., 190 So. 177; Riche v. Ascension Parish School Board, La.App. 200 So. 681; Fromen v. Goose Creek Independent School District, Tex.Civ.App., 148 S.W.2d 460. However, this rule does not deny application to the facts of the principle of ratification, if the contract has been wholly or partially performed and the proof supports ratification. 24 R.C.L. 615, § 72, "Schools"; 56 C.J. 394; Ryan v. Humphries, 50 Okl. 343, 150 P. 1106, L.R.A. 1915F, 1047, and case note; Hermance v. Public School Dist. No. 2, 20 Ariz. 314, 180 P. 442; Day v. School Dist. No. 21, 98 Mont. 207, 38 P.2d 595; Crane v. Bennington School-Dist., 61 Mich. 299, 28 N.W. 105; School District No. 25 of Jefferson County v. Stone, 14 Colo.App. 211, 59 P. 885; School District No. 15 in Fremont County v. Wood, 32 Idaho 484, 185 P. 300.

■ The author of the text in 24 R.C.L. 615, § 72, under the topic "Schools" correctly states what appears to be the general rule regarding ratification of informally executed contracts, as follows: "But where a contract is informally made with a teacher without a board meeting, the board may later ratify such contract, and the ratification is equivalent to a full compliance with the necessary formalities, and when so done renders the contract valid from its inception. The silent acquiescence by the board in the performance of the contract by the teacher and the payment of compensation in accordance therewith has been held to constitute ratification."

■■ Of course, ratification could not serve to vitalize a contract which the board was wholly without power to make in the first instance. Cf. Taos County Board of Education v. Sedillo, 44 N.M. 300, 101 P.2d 1027. This contract is not of that kind. The authorities already cited to the point fully support the view that in allowing plaintiff to enter upon the performance of her duties and perform the same for a full school year under this otherwise defective contract, and in paying her monthly the salary stipulated therein, the board thereby ratified the same, thus giving it validity from its inception. It surely was not ignorant of the term of the contract, each member of the board having signed it.

The contract was required to be in writing. 1929 Comp., § 120-804. The board could not have supposed the plaintiff was teaching under another contract for a different term which it had neither authorized nor caused to be executed. Under the findings it had not authorized a contract with plaintiff for any term. Truly, there was no other contract, written or otherwise, within the knowledge of the board or any member thereof, to which the services being rendered and the payments being made could relate themselves, save the so-called four-year contract signed by every member of the board. These findings compel a declaration of ratification as a matter of law.

Two months after the case closed and following the submission of briefs, the trial judge by letter addressed to counsel for the respective parties, requested advice on whether the Bateman Act (1929 Comp., §§ 33-4241 to 33-4247) was applicable and affected the contract involved. Supplemental briefs on this matter were presented at a session antedating the making of 'findings and rendition of judgment. No additional testimony or evidence was adduced at the later hearing. Nevertheless, the trial court found:

"VII. The Court further finds that no provisions were made in the budget allowance by the taxing authorities for the payment of the obligation and salary under said contract."

And concluded: "The Court further concludes as a matter of law that the contract given the plaintiff was void in that it was a violation of the Bateman Act and that plaintiff cannot recover under the same."

■■ While counsel for the respective parties argue at length different phases of this question, we need consider only one of plaintiff's objections to the finding and conclusion last quoted. No violation of the Bateman Act was pleaded nor was evidence on the issue submitted. In other words, it was not made issuable, either in the pleadings or in the proof. Hence, it is not before us for consideration. If the Bateman Act had been pleaded, we should be unable to say, through lack of proof, that this contract constitutes a violation thereof. There is nothing in evidence to show, even if we should consider plaintiff's salary for the four-year period incurred as a debt when the contract was signed, an assumption whose correctness her counsel vigorously assails, that all of it could not be paid from current receipts of the defendant school district, however unlikely this may seem. A violation of the Bateman Act is defensive matter and must both be pleaded and proved if to be relied upon. State ex rel. Chesher v. Beall, 41 N.M. 652, 73 P.2d 329; Cf. State ex rel. Martin v. Harris, 45 N.M. 335, 115 P.2d 80.

■ The power to hire teachers was in the defendant board of education. And while the power to hire presupposes the power to discharge, Tadlock v. School District No. 29, 27 N.M. 250, 199 P. 1007, this incidental power may not be exercised without cause. At least, such an exercise of it will give rise to a cause of action for damages, the remedy here pursued and suggested as the appropriate one in State ex rel. Sittler v. Board of Education, 18 N.M. 183, 135 P. 96, 98, 49 L.R.A.,N.S., 62. There appears to be no definite statutory period prescribed for teaching contracts. As said in the case just cited:

"No provision in our statutes has been pointed out which would authorize the holding that a teacher in the public schools of this state has any tenure of office otherwise than as provided by the contract which he makes with the school officers. In the absence of some controlling provision of law, we know of no reason to build up around school officers any restrictions as to the

form of contracts which they may make with the school-teachers, or any restrictions upon their powers of removal."

The defendant board having acquiesced in and ratified a four-year contract with plaintiff and, according to the record before us, having discharged her without cause, it is liable to her for recoverable damages resulting therefrom. It follows that the judgment of the trial court must be reversed. The cause will be remanded to the district court of Sierra County with directions to set aside its judgment and award plaintiff a new trial on the single issue of damages. The plaintiff will recover her costs.

It is so ordered.

BRICE, C. J., and ZINN, MABRY, and BICKLEY, JJ., concur.