THE COLLEGE HOUSE, INC., Plaintiff

v.

DEPARTMENT OF EDUCATION, VIRGIN ISLANDS GOVERN-
MENT, and PATRICIA E. STEVENS, Defendants

Civil No. 255-77

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

December 7, 1977

GEORGE HUBSCHMAN, ESQ. (BAILEY, WOOD & ROSENBERG),
St. Thomas, V.I., *for plaintiff*

ROBERT J. SANDS, ESQ., Assistant Attorney General (De-
partment of Law), St. Thomas, V.I., *for defendants*

FEUERZEIG, *Judge*

MEMORANDUM OPINION

The authority of a high school administrative officer to
bind the Government of the Virgin Islands to a contract is
the issue before the court. In November of 1974 Leon Irvin
Harvey, a salesman for the plaintiff, The College House,
Inc., went to the Charlotte Amalie High School (CAHS) in
the hopes of making a sale of various items sold by his

company. After making an initial contract, he was referred to the defendant, Patricia E. Stevens, who expressed an interest in setting up a school store and in purchasing a number of items from Mr. Harvey, including goods imprinted with the CAHS Chicken Hawk emblem. As a result, an order was written up by Mr. Harvey in the name of Charlotte Amalie High School which significantly noted the buyer's name as "Mrs. Stevens, Administrative Officer." Subsequently, the goods were shipped to CAHS in the name of Mrs. Stevens. To date only about $115.00 worth of the goods have been sold. The rest remain in the cellar of the high school. It is clear, however, that the goods are not under the official control of the school.

At all times hereto the co-defendant, the Department of Education, Virgin Islands Government, has denied liability on the grounds that Mrs. Stevens lacked authority to bind the high school or the Government.

The Government relies on the property and procurement laws of the Government of the Virgin Islands. Title 3 V.I.C. § 96(c) provides in pertinent part:

> Except as provided in subsection (d) [relating to the construction of school buildings] of this section, the Department [of Education] shall purchase or contract for all supplies, materials, equipment and contractual services in the manner described in chapter 23 of Title 31 of this code; Provided, That the Commissioner of Education may make open market purchases where the aggregate amount involved is not more than $2,500.

It is uncontested that the value of the goods sold in this instance exceeds $2,500. In fact, the total amount billed to the defendant is $7,029.89. Plaintiff recognizes the limitations of 3 V.I.C. § 96, but contends that this was an open market purchase and that it may recover at least $2,500, and therefore prays for a judgment in that amount. The Government, however, insists that the purchase was

unauthorized and that, as a result, the contract is void and unenforceable as to it.

The provision in 3 V.I.C. § 96(c) that only the Commissioner of Education may make open market purchases has not been literally followed. In fact, pursuant to 3 V.I.C. § 62 the Commissioner has designated Jose Sprauve as Contracting Officer for the Department of Education and by Act No. 3436 that delegation has been implicitly approved. The Government, therefore, argues that only the Commissioner or Mr. Sprauve are authorized to make such purchases and the court so finds. At no time was Mrs. Stevens given express authority to make any purchase on behalf of the defendant Government or the Department of Education. At trial Mrs. Stevens conceded this. Also, by letter dated March 29, 1976, from Mrs. Stevens to the attorney for College House, the former indicates that the only payment so far made for the goods was a $100.00 money order, sent by Mrs. Stevens personally. In view of the testimony that no Government funds have been paid to College House, the court views the letter and the $100 payment as a further admission by her that she was acting in her individual capacity and not as the Government's representative.

The contract for the purchase of school supplies, not having been signed by an authorized representative of the Commissioner of Education, cannot be held against either the Government or the Department of Education. What was said by the Supreme Court in Federal Insurance Corporation v. Merrill, 332 U.S. 380, 385 (1947) still is viable and most appropriately applied in the case sub judice

Whatever the form in which the government functions, anyone entering into an arrangement with the government takes the risk of having accurately ascertained that he who purports to act for the government stays within the bounds of his authority . . . .

225

The oft-quoted observation in Rock Islands, Arkansas & Louisiana, R.R. Co. v. U.S., 254 U.S. 141, 143 that "Men must turn square corners when they deal with the government," is relevant here as it expresses the duty imposed on all courts to observe the conditions defined by the Legislature before charging the public treasury. See also Sergeant v. Government of the Virgin Islands, 10 V.I.C. 245, 254 (D.V.I. 1973); Government of the Virgin Islands v. Ottley, Civil No. 3/1970; (District Court of the Virgin Islands, Division of St. Thomas and St. John, Memorandum of March 7, 1977).

The plaintiff makes one final argument as a basis for enforcing the contract, arguing that although Mrs. Stevens may have been an unauthorized agent, the Government can be bound by her acts where it ratifies or, by its dealings, appropriates the benefits of the contract entered into by her. Union School Furniture Co. v. School District Co., 50 Kan. 727, 32 P. 368 (1893). The legal theory is sound; however, there is absolutely no evidence by which this court could conclude that the Government ratified the contract entered into by Mrs. Stevens or has appropriated the benefits of the materials supplied.

The plaintiff having dismissed the action against the defendant Patricia E. Stevens, the court has no alternative but to conclude that it has failed to establish its case against the Department of Education of the Government of the Virgin Islands and accordingly, an order dismissing the action will be entered.